LEONARD PAULLE *vs.* H. M. WALLIS.

Argued July 5, 1894.   Reversed July 13, 1894.

No. 8719.

**Advertizing notice of sale on mortgage foreclosure.**

When a mortgage with power of sale covers several separate, distinct tracts of land, lying in different counties, the notice of foreclosure sale need be published only in a newspaper in any one of such counties.

Appeal by defendant, H. M. Wallis, from an order of the District Court of Anoka County, *Seagrave Smith*, J., made February 3, 1894, overruling his demurrer to the complaint.

*McNeir & Bacon*, for appellant.

*J. L. Dobbin*, for respondent.

GILFILLAN, C. J.   The question presented by the complaint and demurrer is: When a mortgage with a power of sale is upon separate tracts of land, lying in different counties, can it be foreclosed under the power, and all the tracts sold, upon a notice of sale published in only one of the counties?   The publication of notice in a newspaper is necessary only because the statute requires it, and, if the publication be as required by the statute, it is sufficient.

The statute (1878 G. S. ch. 81, § 5) provides that the notice shall be published "in a newspaper printed and published in the county where the premises intended to be sold or some part thereof are situated."   Similar terms are used in providing where the sale shall be (section 7): "The sale shall be   *   *   *   in the county in which the premises to be sold or some part thereof are situated."   A construction which would require, in a case where there are separate tracts in different counties, that the notice shall be published in each county, would also require a sale in each county of the land lying within it.   But it is manifest there is to be but one sale, and one notice published.   The terms of the statute are too clear to admit any other meaning.

We understand from counsel that the court below construed the statute to mean that when the mortgaged premises constitute one tract, as one farm, situated part in each of two or more counties, a

publication in one of those counties will suffice; but if they consist of separate, distinct tracts, lying in different counties, there must be a publication in each of those counties.

That interpretation requires a reconstruction of the statute, leaving out words that are used, and bringing in other words. We see no reason calling for that. The statute must be taken as it reads.

No other ground for setting aside the foreclosure is sufficiently stated in the complaint.

Order reversed.

COLLINS and BUCK, JJ., took no part.

(Opinion published 59 N. W. 9č9.)