[Civ. No. 1539. Fourth Appellate District.—November 7, 1934.]

BRUCE V. CRANDALL, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Respondents.

R. C. Mize and Leslie F. Kimmell for Appellant.

Keogh, Cate & Colver and Harvey & Harvey for Respondents.

BARNARD, P. J.—The plaintiff executed and delivered a promissory note and a trust deed securing the same which

covered two separate parcels of real property, one situated in the city of Newport Beach and the other in the city of Laguna Beach. After default, the property was sold under the terms of the trust deed. The plaintiff brought this action to set aside the sale and to quiet title to the property in himself. The defendants answered and filed a cross-complaint asking that title be quieted in them. The matter was submitted to the court on a stipulation as to the facts, from which it appears that a notice of sale of the property was published in a newspaper in the city of Newport Beach, and that no such notice was ever published in any newspaper printed and published in the city of Laguna Beach. From a judgment denying relief to the plaintiff and quieting title in the defendants and cross-complainants, this appeal is taken.

 It is conceded that this sale was regular in all other respects and the only question here presented is whether the publication of the notice of sale was insufficient since the same was not published in a newspaper printed and circulated in each of the cities named. This depends upon the meaning of that portion of subdivision 3 of section 692 of the Code of Civil Procedure, reading as follows: " . . . and publishing a copy thereof once a week for the same period, [in] some newspaper of general circulation printed and published in the city in which the property or some part thereof is situated, if any part thereof is situated in a city, . . . "

The appellant argues that the meaning of "the property" in the quoted portion of the statute is in doubt and calls for interpretation; that the words "the property or some part thereof" should be interpreted to mean "the parcel or some part thereof"; that the purpose of the statute is to give the best possible notice of the sale; that the interpretation contended for would contribute to that result; and that with this purpose in mind it must be held that the legislature intended to provide for the publication of such a notice in each city in which any parcel or part of a parcel of the real property is situated.

The argument, that publication in both of these cities would tend to give a better notice of the intended sale, could be more appropriately made in a legislative forum than here. As adopted, the statute provides for such publication in the

city in which "the property" or "some part thereof" is situated. "Thereof" can only refer to the property to be sold and the reference to "some part" of this property negatives the idea that each part was intended. No provision is made in the statute for a different procedure in cases where more than one parcel of land is to be sold and where the respective parcels are noncontiguous. Only one sale is provided for, and the provision for notice refers to "the property" to be sold only, a reference which naturally relates to the entire property, regardless of whether or not it consists of more than one parcel. The further reference to "some part thereof" relates to "the property", and it cannot be said that it relates to some part of each parcel of the property unless we put into the statute something that is not there. The words "the property" cannot be interpreted as meaning "the parcel" without doing violence to all rules of statutory construction. Such a construction would be a substitution rather than an interpretation. Had the legislature desired to provide for the publication of such a notice in each city where a parcel of the land was situated, such a provision could have been easily and simply made.

In speaking of a contention similar to that here made by the appellant and one made under circumstances almost identical with those here presented, the court said in *Paulle* v. *Wallis*, 58 Minn. 192 [59 N. W. 999]: "That interpretation requires a reconstruction of the statute, leaving out words that are used, and bringing in other words. We see no reason calling for that. The statute must be taken as it reads."

We conclude that this portion of the statute in question was correctly interpreted and applied by the trial court. Notice was here published in a city in which some part of the property to be sold is situated, and we may not read into the act a different and additional requirement.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.