[Civ. No. 10177. First Appellate District, Division Two.—August 6, 1936.]

ARNOLD DAVIDOW et al., Appellants, v. CORPORATION OF AMERICA (a Corporation) et al., Respondents.

Herbert N. De Wolfe and Vincent Surr, *in pro. per.,* and A. E. Shaw for Appellants.

Joseph E. Bien, Werner Olds, Louis Ferrari, George D. Schilling and Keyes & Erskine for Respondents.

SPENCE, J.—In this action brought to quiet title to certain real property and to obtain an accounting, judgment was entered denying any relief to plaintiffs and quieting the title of defendant Lachman Bros. Investment Company subject only to a deed of trust under which defendant Corporation of America was trustee. Plaintiffs appeal from said judgment.

During the pendency of this litigation, Bernhard Davidow, one of the original plaintiffs, died and the administrators of his estate were substituted in his place. We may, however, disregard said substitution in this succession.

The facts are undisputed. In 1930, plaintiff Davidow borrowed $150,000 from the Bank of America and agreed to repay the same on June 17, 1931. This loan was secured by a deed of trust, naming defendant Corporation of America as trustee. Said deed of trust covered two pieces of property, one located in the city and county of San Francisco and the other located in the county of Napa. At about the same time plaintiff Davidow borrowed $25,000 from defendant Lachman Bros. Investment Company and agreed to repay the same on November 10, 1930. This loan was also secured by deeds of trust covering the same property. These deeds of trust were recorded after the first-mentioned deed of trust and each recited ''This Deed of Trust is subordinate to prior Deed of Trust executed by same Trustor in the sum of One Hundred and Fifty Thousand Dollars in favor of Bank of America . . . '' The beneficiary under said second deeds of trust was G. P. Anderson, but it is conceded that said G. P. Anderson was acting for defendant Lachman Bros. Investment Company, which was the real beneficiary. There is some discussion in the briefs as to whether there was one second deed of trust or two second deeds of trust to secure the $25,000 loan. The evidence is uncontradicted and we see no materiality in said discussion. Two separate instruments were executed and while there was no recital therein that they were duplicate originals, it appears that they were identical and that both described the same two parcels of property above mentioned. They were recorded at approximately the same time, one in the city and county of San Francisco and the other in the county of Napa.

Plaintiff Davidow defaulted on all of the above-mentioned obligations and, on February 20, 1931, said G. P. Anderson

recorded in San Francisco a notice of breach and election to sell and, on February 21, 1931, recorded in Napa County a similar notice of breach and election to sell. Thereafter the Title Insurance & Guaranty Company, the trustee under the second deeds of trust securing the $25,000 loan, proceeded to sell the property. Notice was published in the city and county of San Francisco concerning the sale of the San Francisco property and said property was sold for $15,000 to said G. P. Anderson in San Francisco on June 18, 1931. Notice was also published in Napa County concerning the sale of the Napa County property and said property was sold for $5,000 to said G. P. Anderson in Napa County on June 20, 1931. Thereafter the trustee executed a trustees' deed covering both parcels to G. P. Anderson, who in turn executed a conveyance to defendant Lachman Bros. Investment Company.

The Bank of America subsequently made demand upon defendant Lachman Bros. Investment Company to reduce the $150,000 loan by the sum of $25,000. The bank agreed that in the event that said reduction was made, it would release the Napa County property from its deed of trust. The $25,000 was paid on the bank loan by said defendant and at the direction of the bank defendant Corporation of America, as trustee, executed a partial reconveyance covering the Napa County property to the ''person or persons legally entitled thereto.''

Following these transactions, and in 1933, plaintiff Davidow attempted to convey to plaintiff Herbert N. De Wolfe an undivided one-fifth interest in the San Francisco property and likewise attempted to convey a similar interest to plaintiff Vincent Surr. Said plaintiffs filed this action in 1935 seeking to quiet title to the San Francisco property against defendants and also seeking an accounting of the rents collected by defendant Lachman Bros. Investment Company. Prior to the sales under the second deeds of trust, plaintiff Davidow permitted the trustee under the said second deeds of trust to collect the rents and after said sales, defendant Lachman Bros. Investment Company continued to collect said rents.

Appellants advance some novel theories on this appeal. As a result of these theories, they conclude that the sales under the second deed of trust or deeds of trust were invalid

and that the partial reconveyance under the first deed of trust was likewise invalid. Upon these conclusions and through a strange process of reasoning, they claim that they were entitled to have their title quieted against all defendants free and clear of any of the deeds of trust, and in addition, that they were entitled to all of the gross rents from the property without any offsets whatsoever. They concede that "at first blush" their claims may appear "unreasonable". After reading their numerous briefs, their claims still appear unreasonable and in our opinion the theories upon which they are based are wholly untenable. In justice to respondent Lachman Bros. Investment Company, it should be stated that both in the trial court and in this court, said respondent has offered to convey the property to appellants upon payment of amount due said respondent but appellants have failed to pay or offer to pay said amount or any part thereof.

Appellants' first and main attack upon the sales under the second deeds of trust is not directed at the manner in which the particular sales were conducted but is directed at the validity of any sale under any second deed of trust while a first deed of trust remains in existence. Reduced to its simplest terms, appellants' contention is that the holder of a second deed of trust can never cause his security to be foreclosed while a first deed of trust is existing. We find no merit in this contention. It is based upon the theory that a grant to a trustee under a first deed of trust "divests the trustor of all present title, legal and equitable" and that a first deed of trust "passes all the title it can carry" and only "leaves something nebulous behind, which is probably a contingent remainder". It is therefore argued that a trustor, after the execution of a first deed of trust, has no present title to convey and if he executes a second deed of trust, it cannot convey any title at the time of delivery but said second deed of trust can only convey title if, as and when the obligation secured by the first deed of trust may be paid off. In the words of appellants, the second deed of trust "will not be much more than a lottery ticket, or a right to stand in line, until the land itself becomes clear again". This argument is based upon the so-called "title theory" of deeds of trust. It is conceded by appellants that a trustor can convey the property or mortgage the same subject to the existing first deed of trust. It is further apparently con-

ceded that a grantee of a trustor acquires all of the title remaining in the trustor and that a mortgagee of the trustor acquires a lien upon all of the title remaining in the trustor which lien is enforceable during the existence of the first deed of trust. But because of the "title theory" and the erroneous theory that no title remains in the trustor after executing a first deed of trust, appellants seem to claim that no title whatever passes presently by the execution and delivery of a second deed of trust but that title passes thereunder only at such time as the first deed of trust becomes nonexistent.

We need not enter into discussion of the application of the "title theory" or "lien theory" to deeds of trust under varying circumstances. This subject was rather fully discussed in the recent case of *Bank of Italy, etc.,* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940]. Suffice it to state that the trustor is not divested of "all present title, legal and equitable" by the execution and delivery of a deed of trust. He "may transfer or devise such property, subject to the execution of the trust" (Civ. Code. sec. 864) ; a grantee of the trustor acquires "a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them" (Civ. Code, sec. 865) ; and this is true as "every estate not embraced in the trust, and not otherwise disposed of, is left in the author of the trust". (Civ. Code, sec. 866.) The most that can be said is that the trustor is divested of title *for the purposes of the trust* but not otherwise. As was said in *MacLeod* v. *Moran,* 153 Cal. 97, at page 100 [94 Pac. 604] : "The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those claiming under them. (Civ. Code, secs. 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Gotz,* 70 Cal. 236 [11 Pac. 656].) The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject, always, of course, to the execution of the trust." (See, also, *Warren Co.* v. *All Persons,* 153 Cal. 771 [96 Pac. 807].) It therefore

follows that even under the "title theory", the trustor is treated as the holder of the legal title as against all persons except those claiming under the first deed of trust and the trustor may convey his title by means of a second deed of trust subject only to the rights of those claiming under the first deed of trust. It further follows that a foreclosure of a second deed of trust may be had during the existence of the first deed of trust and that a trustee's deed executed following a valid sale under a second deed of trust conveys all title which the trustor had, which title is subject only to the rights of those claiming under the first deed of trust.

Appellants further contend that the sales under the second deeds of trust were invalid because two sales were held while, it is asserted, but one sale was contemplated by the terms of the deeds of trust. We believe this contention to be likewise devoid of merit. Each of the second deeds of trust provided that the "Trustee, its successors or assigns, by its duly authorized officer or agent on demand by Beneficiary, or his assigns shall sell the above granted premises, *or such part thereof* as in its discretion it shall find necessary to sell, in order to accomplish the objects of these trusts . . . " (Italics ours.) Even assuming the correctness of appellant's claim that the two identical second deeds of trust constituted but one second deed of trust, and further assuming that both parcels could have been sold at one sale thereunder, the trustee was nevertheless authorized in its discretion to sell any part of the premises described. It sold the part of the premises located in Napa County at the sale held in Napa County and likewise sold the part located in the city and county of San Francisco at the sale held in San Francisco. There is nothing to indicate that the trustee abused its discretion in so doing and in our opinion the sales cannot be successfully attacked upon the ground mentioned. The case of *Crandall* v. *Title Guarantee & Trust Co.*, 2 Cal. App. (2d) 96 [37 Pac. (2d) 519], cited by appellants merely holds that where one sale is held, the provisions of section 692 of the Code of Civil Procedure do not require the publication of notice thereof in both cities in which the property is located.

A further contention is made that the sales were invalid as neither notice of sale referred to the first deed of trust or recited that the sale was being made under a second deed of trust. It is argued that this constituted a construc-

tive fraud upon both the public and the trustor. This contention cannot be taken seriously for the second deeds of trust, under which the sales were made · and which were referred to in the notices, both contained the recital above set forth showing that they were subordinate to the first deed of trust.

■ A final contention is made that, as applied to sales under second deeds of trust, section 2924 of the Civil Code is unconstitutional. It is somewhat startling to find appellants making this contention. Appellants apparently assume that the power of sale, exercised by a trustee under a deed of trust given to secure an obligation, is derived from the section which is attacked upon constitutional grounds. The power of sale exercised by such trustee is not derived from said section but from the deed of trust. That section is merely a limitation upon the power of sale where "a power of sale is conferred" by a deed of trust. We find nothing in appellants' point regarding the unconstitutionality of said section when applied to sales under second deeds of trust, but even assuming that the section should be found to be fatally defective from a constitutional standpoint, the result would be that the section would fall and the statutory limitation upon the power of sale conferred by the deed of trust would be removed. We therefore pass this contention without further comment.

We do not discuss the remaining contentions of appellants as they are all based upon the assumption that appellants' above-mentioned contentions are sound and that the sales under the second deeds of trust were therefore invalid. We are of the opinion that said sales were valid sales for the reasons hereinabove set forth and that all of the right, title and interest of appellants in said property was thereby vested in the purchaser.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.