[Civ. No. 7702. First Appellate District, Division Two.—December 17, 1930.]

MERCHANTS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a Corporation), Respondent, v. FRANK S. SNELL, Appellant.

E. Neal Ames for Appellant.

Rohe & Freston for Respondent.

SPENCE, J.—This appeal is taken from a judgment in favor of respondent bank and against appellant in an action for ejectment.

In its complaint respondent alleged that it was the owner and entitled to the possession of certain real property described as lot 50 and portions of lots 22 and 23 and that possession of said property was wrongfully withheld by appellant. The answer denied the material allegations of the complaint. Upon the trial it appeared that respondent claimed title through foreclosure of a deed of trust executed by appellant. On this appeal appellant contends, first, that respondent did not prove a good and sufficient title to the property and, second, that the court·· erred in refusing to

allow appellant to introduce defenses to respondent's claim of title which were properly admissible under the general denial.

Appellant's first contention is based upon various alleged deficiencies in the proof of the notices given of the foreclosure sale. It is claimed that it did not appear that the notices were posted on each lot nor that notices were posted in three public places nor that the notices were posted twenty days prior to the sale nor that the notices were kept posted for said period of twenty days.

We believe that appellant's claims relating to the notices of sale are without merit. Witnesses testified regarding the notices and certain affidavits relating thereto were offered and admitted in evidence without objection. It appears that the lots described in the deed of trust were contiguous and that the house located upon the property covered all three of the lots involved. Three notices were posted upon the house. Although the witness who posted the three notices upon the house stated upon direct examination that he posted one of said notices on each lot as described in the notice, his testimony shows that at the time of trial he was not certain that a notice was posted on each of the lots described. However, we deem this immaterial. As lot 50 and the portions of lots 22 and 23 described in the deed of trust and in the notices constituted one contiguous piece or unit of land upon which was located a house covering all three lots, we are of the opinion that it was not necessary to post three notices, one on each lot or portion of a lot as described in the deed of trust. The posting of notice upon the house was sufficient posting "in some conspicuous place on the property to be sold" under section 692 of the Code of Civil Procedure. The second and third claims of appellant relating to the notices are not borne out by an examination of the record. The affidavits admitted in evidence showed posting in three public places for the time required by law. The further claim of appellant that it was not shown that the notices were kept posted for the time required is answered by the presumption of the continued existence of the posting in absence of evidence to the contrary. (Code Civ. Proc., sec. 1963, subsec. 32.)

Appellant's second main contention relates to rulings of the court sustaining objections to certain questions pro-

pounded to appellant while a witness. The burden is upon appellant not only to show error in these rulings, but also to show that the error is sufficiently prejudicial to justify a reversal. (*Coleman* v. *Farwell*, 206 Cal. 740 [276 Pac. 335].) This appellant has failed to do. Under the denials of his answer appellant sought to introduce certain evidence relating to alleged invalidity of the original note and deed of trust. Over objection, appellant while a witness was permitted to make a rambling and incomprehensible statement regarding the circumstances surrounding the execution of these instruments. There was considerable discussion between court and counsel regarding some of the questions subsequently propounded to appellant, but nowhere in the testimony nor discussion do we find anything to show that appellant had any valid defense to the action. When a defendant fails to disclose the facts constituting his alleged defense in his pleadings or in some definite offer of proof or otherwise, we may not assume that the rulings rejecting certain fragmentary bits of evidence were prejudicial.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.