[Civ. No. 7715. First Appellate District, Division Two.—January 26, 1931.]

MARIE E. DARROW, Respondent, v. ROBERT A. KLEIN & COMPANY, INC., et al., Appellants.

312

Henry Haves and Haves & Engelhardt for Appellants.

Lucius F. Chase, Lucius K. Chase and Stanley N. Barnes for Respondent.

SPENCE, J.—Plaintiff brought this action for damages based upon the alleged fraud of the defendants in a real

estate transaction. The case was tried by the court sitting without a jury and from a judgment in favor of plaintiff in the sum of $4,215, defendants appeal.

Plaintiff was the owner of a contract for the purchase of a certain lot of land. There was a balance due upon the contract of approximately $1185. The lot was admittedly of the value of $5,500. Defendant Robert A. Klein & Company was a corporation engaged in the transaction of the business of a real estate broker, while defendant Fred W. Klein was an officer and acted for and on behalf of the corporation. The corporation appears to have been a family affair, defendant Fred W. Klein testifying that it consisted of his brother Robert A. Klein and himself. The defendant corporation had previously acted as agent for plaintiff in other real estate transactions and plaintiff had sought their advice on several occasions. Plaintiff had previously listed the lot in question with them for sale. About February 22, 1926, she sought their advice with respect to a proposed offer of $5,500 for the property. She talked with defendant Fred W. Klein. He informed her that he believed his brother, Robert A. Klein, would purchase the property upon terms similar to those offered. Plaintiff called at their office on February 22, 1926, and after a discussion accepted a deposit of $50 on the purchase price of $5,500 and signed a deposit agreement dictated by defendant Fred W. Klein. This deposit agreement read as follows: "In consideration of $50.00, for which I hereby acknowledge receipt, I hereby agree to sell to Robert A. Klein & Company or nominee, Lot No. 686, Tract 6143, for $5500.00, upon the following terms and conditions: $1500.00 cash, including the amount receipted for; the balance of $4000.00 I am to take back in the form of a trust deed, payable $50.00 a month or more, including interest at 8%. I am to allow Robert A. Klein & Company or nominee to place a first trust deed on the above mentioned property, upon which they agree to erect a four-family flat of five rooms each. The first trust deed is not to exceed $15,000.00 I also agree that this lot is to be free and clear of all encumbrances. Robert A. Klein & Company are to retain $275.00 out of the $1500.00 down payment as their commission for services rendered."

Plaintiff was informed during the discussion that the defendant corporation had resold the lot for $6,500 to a Mr. Wallin and that the company would thereby make a profit of $1,000. To this plaintiff apparently assented. Plaintiff was further told that Wallin was to pay $2,500 down and was to put a building loan on the property in the sum of $15,000 for the purpose of erecting a building thereon and that the balance of $4,000 due to plaintiff was to be represented by a second deed of trust. There was further discussion regarding the protection which plaintiff would have in the transaction. She was assured that it would be perfectly safe, that Mr. Wallin was reliable and that a bond would be furnished to insure the completion of the building referred to. In reliance upon these assurances, plaintiff entered into the transaction and the following day went to the Inglewood Savings Bank and signed escrow instructions dictated by defendant Fred W. Klein. These escrow instructions provided for a deed from plaintiff to Wallin and the payment by him of $2,450, being the balance of the down payment, and the execution of a $4,000 second deed of trust subject to a first deed of trust of $15,000. No mention of a bond was made in the instructions. Apparently no escrow instructions were given by Wallin. He testified that Mr. Klein acted as his agent in the transaction, which fact was unknown to plaintiff. Neither the sum of $2,450 nor any other sum was ever put up by Wallin, but he proceeded to negotiate a loan on the property in the sum of $15,000 from Golden Gate Securities Company. Upon the execution by Wallin of the instruments required, the Golden Gate Securities Company deposited $3,600 with the escrow-holder as an advance on the building loan. Of this money so advanced on the building loan, approximately $1185 was paid out by the escrow-holder in obtaining the deed from plaintiff's vendor and the balance was paid over to and divided between Wallin and defendant Robert A. Klein & Company, the defendant company receiving a total of $1775 therefrom. Defendants claimed that this sum represented the $275 commission from plaintiff, the $1,000 profit, and an additional $500 due from Wallin. Defendants did not disclose to plaintiff the fact that they were receiving this $500 from Wallin, defendant Robert A. Klein testifying that he did not believe it was necessary.

Aside from receiving the second deed of trust in the sum of $4,000, the plaintiff received nothing in the transaction except the $50 deposit and one $50 monthly payment upon the second deed of trust which was advanced by the defendant company with the explanation that Wallin was up against it. Almost immediately thereafter Wallin became bankrupt. No house was built upon the property and the holder of the first deed of trust proceeded to foreclose. It developed that the only bond that existed was an indemnity bond obtained by the Golden Gate Securities Company to indemnify it against loss, which bond did not inure to the benefit of plaintiff. Wallin being bankrupt and the second deed of trust being worthless, the damages awarded plaintiff were based upon the value of her interest, less the sum of $100 which she had received.

Plaintiff's complaint appears to have been drawn upon the theory of a conspiracy to defraud charging that such conspiracy existed between defendants and Wallin. The complaint was of considerable length. It charged that all of the alleged fraudulent acts set forth were done in pursuance of such conspiracy and recited in detail the entire transaction and facts surrounding it. Respondent on this appeal refers to the action as one for damages for fraud and we will so treat it, for where a conspiracy is charged in a civil case, the gist of the action is not the conspiracy but the civil wrong resulting in damage. (*Mox, Incorporated,* v. *Woods,* 202 Cal. 675 [262 Pac. 302] ; *Bowman* v. *Wohlke,* 166 Cal. 121 [Ann. Cas. 1915B, 1011, 135 Pac. 37] ; *Dowdell* v. *Carpy,* 129 Cal. 168 [61 Pac. 948].)

It is contended by appellants that the evidence does not support the findings and the findings do not support the judgment. Summarizing appellants' position, it consists of the claim that no actual fraud on the part of appellants was shown. We deem it unnecessary to determine whether the evidence was sufficient to support all of the numerous findings made or whether the evidence and findings make out a case of actual fraud on the part of the appellants. If the evidence and findings are sufficient to make out a case of constructive fraud on the part of appellants, we are satisfied that the judgment should be affirmed.

Constructive fraud most frequently arises from a breach of duty where a relationship of trust and confidence

exists. It consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . , by misleading another to his prejudice, . . . " (Civ. Code, sec. 1573.) ■ A relationship of trust and confidence existed in the present case by reason of the prior dealings of the parties and the terms of a deposit agreement providing for an agent's commission and the findings that respondent reposed special confidence and trust in her agent are amply sustained by the evidence.

■ The duties and obligations of an agent are many. The relationship of an agent to his principal is of a fiduciary nature similar in many respects to the relationship between a trustee and his beneficiary. The relationship not only imposes upon the agent the duty of acting with the highest good faith, but likewise precludes him from obtaining an advantage over the principal in any transaction had by virtue of the agency. (*Langford* v. *Thomas,* 200 Cal. 192 [252 Pac. 602]; *Calmon* v. *Sarraille,* 142 Cal. 638 [76 Pac. 486].) ■ A violation of duty on the part of a trustee is treated as a fraud upon the beneficiary (Civ. Code, sec. 2234), and a violation of duty on the part of an agent should be treated in the same manner. (Civ. Code, sec. 2322; *Sterling* v. *Smith,* 97 Cal. 343 [32 Pac. 320].) ■ Under said section 2322, an agent may not do any act which a trustee is forbidden to do. That section, by reference to the sections relating to trustees, prohibits an agent from obtaining any advantage by the slightest misrepresentation or concealment of any kind (Civ. Code, sec. 2228), and prohibits an agent or those acting for him from taking part in any transaction concerning the agency in which the agent has an interest present or contingent, adverse to that of the principal, unless the principal with a full knowledge of the motives of the agent and all the facts which might affect the principal's decision, permits the agent to do so. (Civ. Code, sec. 2230.) ■ Measured by the foregoing rules, it is apparent that appellants are chargeable with a breach of duty to respondent. They failed to disclose, first, that they were acting as agents for Wallin; second, that no cash down payment was being made, but that Wallin was financing his down payment on the lot out of money advanced on the building loan; and third, that out of money advanced

on the building loan appellants were receiving not only the commission of $275 and the profit of $1,000, but also an additional sum of $500 either as a secret profit from Wallin or as money owing from Wallin on some other transaction. The disclosure by appellants of the fact that they were participating in the transaction to the extent of a profit of $1,000 did not relieve them of their duties and obligations generally in their capacity as agents of respondent. In fact, their right to take part in the transaction to that extent depended upon their compliance with their duties as agents to fully disclose their motives and all the facts which might affect respondent's decision in assenting to such participation. ■ Without disclosing their motives and all the facts, they obtained respondent's assent to the $1,000 profit and took part in the transaction not only to the extent disclosed, but also to obtain the additional sum of $500. They withdrew all of the sums which they received, totaling $1775, from the building loan money intended for the erection of a building for the protection of respondent's second deed of trust. Disregarding their duty to act with the highest good faith in respondent's interests, they acted throughout the transaction primarily if not solely in their own interests and to their own advantage, with the resultant loss to respondent.

■ Further, it has been frequently held that where a relationship of trust and confidence exists constructive fraud may be predicated upon a breach of duty consisting of a failure to perform a promise made. (12 Cal. Jur., p. 735, sec. 20, and cases cited.) At the time respondent agreed to enter into the transaction appellant, Fred W. Klein, both orally and in the deposit agreement dictated by him on behalf of the appellant company, promised that a building of a certain type would be erected on the premises. By his own testimony he further assured respondent that there would be a bond which would insure the completion of such a building. Relying upon these promises, respondent parted with her interest in the property. These promises were ignored by appellants and never performed.

That respondent was misled to her prejudice by the promises and concealments of appellants there can be no doubt. The nonperformance of these promises, together with the concealments practiced, constituted breaches of duty whereby

appellants gained for themselves an advantage to the prejudice of respondent. We are satisfied that aside from any question of the sufficiency of the evidence to establish conspiracy or actual fraud, the evidence established a case of constructive fraud sufficient to support all the material findings and the judgment.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1931.