[Civ. No. 10546. Second Appellate District, Division One.—July 9, 1936.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-GELES (a National Banking Association), Respondent, v. EDUARDO DE LA CUESTA, Appellant.

Henry G. Bodkin for Appellant.

Heaney, Price, Postel & Parma for Respondent.

SHINN, J., *pro tem.*—Appeal from a judgment for the recovery of possession of real property by the purchaser of the same at trustee's sale under a trust deed.

Plaintiff's demurrer on general and special grounds to defendant's answer was sustained without leave to amend. Leave to amend was not requested and judgment was thereupon entered in favor of plaintiff for possession of the real property. The sufficiency of the various allegations of the answer will be considered in connection with the several points made by appellant to which they relate, all of which are urged in support of the contention that the sale under the trust deed was void.

■ The notice of sale stated that the sale would be made "at public auction to the highest bidder, for cash, (payable in United States Gold at time of Sale)". We are urged to hold that this was a void notice and therefore no notice because at the time of sale, February 16, 1934, by act of Congress of March 9, 1933, and by order of the President of August 28, 1933, and of the secretary of the treasury of December 28, 1933, it was unlawful for any person to hold or retain any interest in gold, gold bullion, or gold certificates, all of which were required to be delivered to the treasurer of

the United States. According to the contention of appellant, the invalidity of the notice resulted from the fact that by its terms it precluded bids at the sale payable in any·form of money other than gold coin. Thus, as it is argued, terms of sale were imposed which could not lawfully be met and therefore the notice, instead of inviting bids, in effect forbade them.

The notice was given, and the legal time had expired for which the notice was to run before the sale, prior to the effective date of the executive orders by which the retention and use of gold coin were prohibited. The notice, then, was legal at the time it was given and we are of the opinion that it was not invalidated by any legislation or executive orders which took effect at a later date. ▮ On the contrary, on June 5, 1933, Congress passed a joint resolution (48 U. S. Stats. at Large, chap. 48, p. 112), which provided in part as follows: "Every obligation, heretofore or hereafter incurred, whether or not any such provision" (for payment in gold coin) "is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts." The effect of this act of Congress was to strike from defendant's contract the specification of gold coin as the medium of payment of the debt. (*Norman* v. *Baltimore & O. R. Co.*, 294 U. S. 240 [55 Sup. Ct. 407, 79 L. Ed. 885, 95 A. L. R. 1352].) The provision of the notice of sale specifying gold coin was one made "with respect" to the defendant's obligation, and under the resolution of Congress and by the legal force thereof the demand for gold coin could be discharged in any legal tender. It is not only permissible but necessary to say that in a legal sense the demand for gold coin as contained in the notice was no more than a demand for payment in any legal tender. An offer to pay in gold coin made at the sale could have been discharged by payment in any legal coin or currency. All persons are conclusively presumed to have known these facts and to have been able to construe the notice of sale accordingly. The notice was not insufficient in fact nor was it legally void because of the provision for payment in gold coin.

▮ The land was situated in Santa Barbara County and the sale was held in Los Angeles County. It is contended · that the sale was required to be held in Santa Barbara

County. In support of this argument appellant cites section 687 of the Code of Civil Procedure and argues that a sale of real property under execution must be made in the county where the property is situated and that therefore a trust deed sale must be conducted in like manner. The provision of section 2924 of the Civil Code as it read at the time of the sale, and which required that notice of sale be given ''in the manner and for a time not less than that required by law for sales of real property upon execution'', related solely to the matter of notice and not to the place where the sale should be conducted. This point is not well taken. In the absence of a statute on the subject, and there was none at the time of the sale, it was permissible for the trustee to hold it at any suitable place. (*Mortgage Guarantee Co.* v. *Smith,* 9 Cal. App. (2d) 618 [50 Pac. (2d) 835].)

The trust deed gave the trustee power to conduct the sale at any place in California. Authorities are cited which hold that such discretion vested in the trustee must be exercised fairly and prudently and without favoritism. The allegations of the answer which are relied upon in this connection are that the property is a famed historical spot and known to the residents of Santa Barbara County, and the further allegation made on information and belief that a higher price could have been obtained for the property if it had been sold in Santa Barbara County. Plaintiff's purchase was for $55,375.12, the total amount of the debt, advances and expenses of sale. The allegation of the answer ''that said act of said trustee in holding said sale in Los Angeles County instead of Santa Barbara County was in fact an abuse of discretion and the sale was therefore void'', supported as it is by scarcely more than the expression of an opinion by the defendant that a greater price could have been obtained in Santa Barbara County, is wholly insufficient to put in issue the good faith of the trustee or the proper exercise of its discretion. The answer does not question that the trustee may have honestly believed that the property would bring a higher price at a sale conducted in Los Angeles County.

■ Appellant's final point is that only one notice of sale was posted on the property, whereas there should have been a multiplicity of notices. In the trust deed the land was described as consisting of eight parcels, some indicated by legal subdivisions and the remainder by lot numbers and metes

and bounds descriptions. The answer did not allege that the parcels were noncontiguous and that fact does not affirmatively appear nor can it be ascertained by reading the descriptions. Appellant's brief, while designating the parcels as noncontiguous, does not point out how that fact is made to appear. The pleadings show that the land was used as a single dairy ranch. No parcel is described in the trust deed or in the pleadings in such a manner as to show or to make it appear probable that it is not a part of one integral tract of land. Upon the record before us we must consider it as a single parcel. In such a case a single notice posted on the land is sufficient. (*Merchants National Trust & Savings Bank* v. *Snell,* 110 Cal. App. 483 [294 Pac. 413]; Code Civ. Proc., sec. 692.) In placing our decision of this point upon the ground that the several parcels were not shown to be noncontiguous, we do not assume that in any event it was necessary to post more than one notice upon the property to be sold, even though such property consisted of two or more noncontiguous parcels. (*Crandall* v. *Title Guarantee & Trust Co.,* 2 Cal. App. (2d) 96 [37 Pac. (2d) 519].) The conclusions we have reached on the foregoing points render it unnecessary to consider other grounds urged by respondent in support of the judgment.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.