[S. F. No. 15615. In Bank.—October 27, 1936.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. SOPHIE O'NEILL et al., Appellants.

James F. Peck and Elizabeth M. Maxwell for Appellants.

John L. Mace and Roy D. Reese for Respondent.

THOMPSON, J.—The defendants appeal from a judgment rendered in favor of the plaintiff in an action in unlawful detainer brought pursuant to the provisions of section 1161a of the Code of Civil Procedure, after sale of the property to plaintiff by the trustee named in a deed of trust given to secure the repayment of $55,000 and interest thereon. In essence, the contentions relied upon by appellants may be stated as follows:

1. The sale was void because the note and trust deed provided for payment in gold coin of the United States, whereas the notice of default, the notice of sale, and the bid all proceeded upon the theory that the note was payable in lawful money. It is argued, indeed, that the trust deed requirement was void after June 5, 1933, the date when, by resolution of Congress, any obligation requiring the obligor to pay in gold coin was declared to be against public policy

and any such obligation discharged by payment in any coin or currency which is legal tender.

2. The sale was *en masse* of three parcels of property and, therefore, void, because contrary to section 694 of the Code of Civil Procedure.

3. The notices of sale did not remain posted on the land for a sufficient length of time.

There are two other assignments, unaccompanied either by argument or citation of authority, and, under a well-established rule of appellate practice, we are not constrained to take further notice thereof.

█ Concerning the first contention, it is sufficient to cite the case of *Security-First Nat. Bank of Los Angeles* v. *De la Cuesta*, 15 Cal. App. (2d) 302 [59 Pac. (2d) 542], in which we denied a hearing and in which case we are in accord, so far as applicable here. It is there pointed out that the effect of the joint resolution passed by Congress (48 U. S. Stats. at Large, chap. 48, p. 112) was to "strike from defendant's contract the specification of gold coin as the medium of payment of the debt". It necessarily follows that all arguments grounded upon a contrary premise must fall.

█ With respect to the assertion that the sale was void because the three parcels covered by the deed of trust were sold *en masse* instead of separately, it is to be observed that it is not claimed that a greater sum would have been realized by the latter method and also that the contract of the parties—the deed of trust—provides as follows: "The Trustee may sell said premises above described as a whole, or, in its discretion, in such parcels or subdivisions as it in its judgment may deem reasonable, and in conducting the same may act either in person or through an agent." At the time the deed of trust was executed, section 694 of the Code of Civil Procedure did not mention sales under deeds of trust. The amendment to that section, adopted in 1931, specifically restricted its operation to deeds of trust thereafter executed. Obviously, therefore, the law as it stood at the time of the execution of the contract is applicable.

In the case of *Bank of Sonoma County* v. *Charles*, 86 Cal. 322 [24 Pac. 1019], it was held that the parties had the right to contract with respect to whether the property should be sold *en masse* or separately and that section 694 of the Code

of Civil Procedure related to sales "under executions in cases where there have been no contracts between the parties as to the manner of the sale". (See, also, *Humboldt Sav. Bank* v. *McCleverty,* 161 Cal. 285 [119 Pac. 82]; 25 Cal. Jur., p. 85.)

It is a sufficient answer to the last contention of appellants that, although the notices of sale were posted on the property on a day sufficient to give the required notice, they did not remain posted except for a few days, to point out that the deed of trust provides that, in the event of a sale, the recital in the trustee's deed of giving of the notice of sale "shall be conclusive proof of . . . the due giving of such notice . . . " The trustee's deed contains a recital of due notice. Under such circumstances, and in the absence of a showing which would have entitled the appellants to equitable relief, the recital must be accepted as conclusive. (*Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452]; *Cobb* v. *California Bank,* 6 Cal. (2d) 389 [57 Pac. (2d) 924], and cases there cited.)

Judgment affirmed.

Shenk, J., Curtis, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.