[Civ. No. 10461. First Appellate District, Division Two.—June 25, 1937.]

LOUISE M. PETERSON, Appellant, v. CORPORATION OF AMERICA (a Corporation) et al., Respondents.

528

James F. Peck and Elizabeth M. Maxwell for Appellant.

McKee, Tasheira & Wahrhaftig for Respondents.

SPENCE, Acting P. J.—Plaintiff brought this action seeking to set aside a sale made under a deed of trust. The trial court made findings in favor of defendants and judgment was entered accordingly. Plaintiff appeals from said judgment.

The sale was made in 1935 under a deed of trust executed in 1930 by Burg Bros., a corporation, to secure its promissory note in favor of defendant Bank of America in the principal sum of $296,920.81. The property covered by the deed of trust consisted of a large tract of land in the city of Richmond which was described in the deed of trust in the thirty separately numbered parcels. Each of said parcels was described by reference to a map and consisted of unimproved lots which were approximately 50x100 feet in size. Prior to the sale, numerous lots had been reconveyed at the request of the Burg Bros., the trustor, and the interest of trustor had been transferred to plaintiff who was the secretary of the trustor. At the time of the sale, 1,087 lots remained subject to the deed of trust. Defendant Bank of America purchased said property at the sale for the sum of $262,500.

The parties stipulated to practically all of the material facts upon the trial. It was stipulated among other things that default had been made in the payment of principal, interest and taxes prior to the recording of the notice of default and election to sell; that such notice had been filed for record; that notice of sale had been published in a newspaper of general circulation published in the city of Richmond and had been personally served upon plaintiff; that notice of sale had been posted in three public places in the city of Richmond and had been posted on the property to be sold in the manner hereinafter described. Said manner of posting notice on the property was as follows: Each notice consisted of the ordinary galley sheets which were six in number owing to the length of the description of the property involved; the first sheet contained all the provisions of the ordinary notice of sale other than the description of the property and also contained the description of a portion of the property; the remaining sheets contained the description of the balance of the property; each notice was attached to a wooden post about three feet in length which was driven into the ground, the six galley sheets being attached at the top by a tack and being held together at the bottom by an elastic band in order to minimize the chance of destruction by the elements. One or more of said notices was posted on each of the thirty parcels described in the deed of trust. While notice was not posted on each of the 1,087 lots, a notice was posted on each lot which was a single or isolated lot and

a notice was posted on each group of lots where there was a group of contiguous lots. The total number of notices so posted on the property described in the deed of trust was approximately 800. At the time of the sale, the lots were not offered for sale separately but the entire tract was offered for sale as a whole and was purchased by defendant Bank of America as above indicated.

The note secured by the deed of trust provided for payment "in United States Gold Coin of the present standard of weight, fineness and value". The notice of default did not refer to that fact and the notice of sale did not require bids to be made in gold coin but stated that defendant Corporation of America, the trustee, would sell to the highest bidder "for cash in lawful money of the United States of America". At the sale, the bidding was done on the basis of "lawful money" rather than the basis of gold coin.

The present case was tried before the decision of the Supreme Court in *Pacific States Sav. & Loan Co.* v. *O'Neill*, 7 Cal. (2d) 596 [61 Pac. (2d) 1160]. Counsel for appellants in that case were the same as counsel for appellants in the present case. The contention was there made that "The sale was void because the note and trust deed provided for payment in gold coin of the United States, whereas the notice of default, the notice of sale, and the bid all proceeded upon the theory that the note was payable in lawful money". It was further contended in that case that "The sale was *en masse* of three parcels of property and, therefore, void, because contrary to section 694, Code of Civil Procedure". As precisely the same contentions are advanced in the present case, they may be disposed of without further discussion upon the authority of the case above cited. (See, also *Prudential Ins. Co.* v. *Sly*, 7 Cal. (2d) 727 [62 Pac. (2d) 740].)

Appellant further contends that the sale was void for the reason that the notice of sale was not posted on each of the 1,087 lots covered by the deed of trust. We find no merit in this contention. Section 692 of the Code of Civil Procedure merely requires that notice shall be posted "in some conspicuous place on the property to be sold". Said section does not require posting in the manner for which appellant contends and the posting here made was sufficient. (*Security-First Nat. Bank* v. *De La Cuesta*, 15 Cal. App. (2d) 302 [59 Pac. (2d) 542]; *Merchants Nat. T. & S. Bank*

v. *Snell,* 110 Cal. App. 483 [294 Pac. 413] ; see, also, *Crandall* v. *Title Guaranty etc. Co.,* 2 Cal. App. (2d) 96 [37 Pac. (2d) 519].)

█ Appellant further contends that the sale was void for the reason that five of the six sheets comprising the notice were under the first sheet and "were invisible". This contention is likewise without merit. The notice was posted in the customary manner and while five sheets thereof could not be read without lifting the sheet or sheets which preceded each of said five sheets, said sheets were not "invisible" and all were readily accessible to any person who desired to read them. It is apparently conceded that each of the 800 notices was posted in a "conspicuous place" but is argued that the notices were not "conspicuously posted" for the reason above mentioned. Appellant seems to take the position that the several sheets should have been posted side by side rather than in the manner described but we believe that appellant's position is untenable. The posting was done in the manner ordinarily adopted and we find no irregularity therein.

As the evidence showed that the sale was in all respects regularly noticed and conducted, we deem it unnecessary to discuss the further points urged by respondents regarding the conclusiveness of the recitals in the trustee's deed and the failure of appellant to offer to do equity before seeking the aid of a court of equity.

█ The further contention is made that the trial court erred in failing to make findings on appellant's allegations regarding the claimed inadequacy of the price for which the property was sold. The trial court made findings on the other issues and then recited "This court makes no findings as to the true market value or the reasonable market value of said lands and premises at the time of said sale, for the reason that this court finds that said sale was duly and regularly had in full accordance with the law". We find no error in the trial court's failure to make said findings. As was said in *Engelbretson* v. *Loan & Bldg. Assn. of Santa Barbara,* 6 Cal. (2d) 477 at page 479 [58 Pac. (2d) 647], "Since inadequacy of price is not alone ground for setting aside the sale, the failure of the court to find upon the value of the property is immaterial". (See, also, *Central Nat. Bank* v. *Bell,* 5 Cal. (2d) 324 [54 Pac. (2d) 1107].)

■ Appellant's complaint alleged a "fraudulent conspiracy" on the part of respondents and further alleged that "pursuant to said conspiracy", respondents failed to do many things required by law in the conduct of the sale under the deed of trust. The trial court found against the existence of any conspiracy and further found that said sale had been regularly conducted in all respects. These findings are fully sustained by the evidence. Appellant now contends that, "The allegations of fraud were sufficient", and that "the court erred in excluding from evidence plaintiff's Exhibit B for identification". We may assume, without deciding, that appellant's pleadings were sufficient. We find no prejudicial error however in the exclusion of said exhibit. It is appellant's theory that the respondents were affiliated corporations and that "anything which went to show the relationship was pertinent to the issue of fraudulent conspiracy". In our opinion, evidence of the general relationship between respondents would not have strengthened appellant's showing. (*Central Nat. Bank* v. *Peck,* 15 Cal. App. (2d) 512 [59 Pac. (2d) 599].) In this connection, it may be noted that "where a conspiracy is charged in a civil case, the gist of the action is not the conspiracy but the civil wrong resulting in damage". (*Darrow* v. *Robert A. Klein & Co., Inc.,* 111 Cal. App. 310, 315 [295 Pac. 566, 568]); and that "Conspiracy is not actionable unless the combination results in the perpetration of an unlawful act or of some injurious act by unlawful means". (*Moropoulos* v. *C. H. & O. B. Fuller Co.,* 186 Cal. 679, 683 [200 Pac. 601, 604].) Appellants here made no showing of any civil wrong or of any unlawful act or of any injurious act, done by unlawful means. In the absence of any such showing, there could be no actionable conspiracy and the exclusion of evidence which merely tended to show that respondents were affiliated corporations could not have been prejudicial.

The judgment is affirmed.

Sturtevant, J., and Dooling, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.