Filed 8/21/14  Signature Log Homes v. Fidelity National Title CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SIGNATURE LOG HOMES, LLC, | |
| Plaintiff and Appellant, | E056683 |
| v. | (Super.Ct.No. SCVSS109553) |
| FIDELITY NATIONAL TITLE COMPANY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Law Offices of Michael A. Gardiner and Michael A. Gardiner; Webb and Carey, Kevin A. Carey and Patrick D. Webb for Plaintiff and Appellant.

McKenna Long & Aldridge, Charles A. Bird, Steven S. Wall and Antony D. Nash for Defendant and Respondent.

1

This is an appeal by Signature Log Homes, LLC, plaintiff and appellant (Signature), from a summary judgment entered in favor of defendant and respondent, Fidelity National Title Company (Fidelity) on Signature's cause of action for damages based on alleged wrongful foreclosure.[1]  In a previous appeal (case No. E044147) from a judgment in favor of Fidelity following a court trial on Signature's equitable claims arising from the alleged wrongful foreclosure, we concluded the evidence did not support the trial court's finding that Signature's tender was insufficient to cure its default on the note secured by a deed of trust.  However, we also concluded the foreclosure sale was only voidable, not void and, therefore, could not be set aside against bona fide purchasers for value.  We concluded the trial court properly entered judgment against Signature (and its principal, Richard Maraziti) on the equitable claims, but concluded Signature's cause of action for damages based on wrongful foreclosure against Fidelity and the beneficiaries on the deed of trust remained.  Therefore, we reversed and remanded the matter to the trial court for further proceedings against those defendants, including a trial on the issue of damages, if appropriate.

On remand, Fidelity moved for summary judgment on Signature's wrongful foreclosure cause of action on the ground that as the trustee, Fidelity has qualified immunity from liability under Civil Code section 2924, which makes the common interest privilege set out in Civil Code section 47, subdivision (c)(1), applicable to statutory nonjudicial foreclosure procedures.  Therefore, to prevail on its claim, Signature

---

[1]  Signature also challenges a postjudgment award to Fidelity of attorney fees and costs.

would have to show Fidelity acted with actual malice, and Fidelity asserted there was no evidence to support such a showing. The trial court agreed and granted Fidelity's summary judgment motion. Summary judgment in favor of Fidelity and against Signature was entered on November 17, 2011 (the second amended judgment).

The trial court then granted Fidelity's motion to recover attorney fees and costs, denied Signature's motion to tax costs, and entered a third amended judgment against Signature and in favor of Fidelity on August 14, 2012. Signature filed notices of appeal from both the second amended judgment and from the orders granting Fidelity's attorney fee motion and denying Signature's motion to tax cost. We concluded, after requesting further briefing on the issue, that Signature's appeal from the second amended judgment was moot. We dismissed that appeal (case No. E055603). We construe Signature's appeal to be from the third amended judgment filed August 14, 2012.[2]

---

[2] Fidelity contends because we dismissed as moot Signature's initial appeal from the second amended judgment, Signature is precluded from challenging the validity of that judgment, and any orders "predicate" to that judgment including the trial court's order denying Signature's discovery motion and the order granting summary judgment. Fidelity would be correct if the third amended judgment had not been filed. That judgment incorporates the predicate motions, including the summary judgment entered against Signature, as well as the award of attorney fees and costs to Fidelity.

# DISCUSSION

## 1.

## THE TRIAL COURT PROPERLY GRANTED FIDELITY'S SUMMARY JUDGMENT MOTION

On remand following Signature's initial appeal in this matter, the only viable cause of action remaining in Signature's first amended complaint was its claim for damages against Fidelity and the beneficiaries based on wrongful nonjudicial foreclosure of the trust deed.[3] Fidelity moved for summary judgment on that cause of action, asserting it had qualified immunity from liability under Civil Code section 2924, which makes the common interest privilege set out in Civil Code section 47, subdivision (c)(1), applicable to statutory nonjudicial foreclosure actions. (See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 341-343 (*Kachlon*).) Under the common interest privilege, tort liability that derives from a publication requires the plaintiff to prove the defendant acted with actual malice. (*Id*. at p. 343.) Fidelity asserted in its statement of undisputed material facts submitted in support of its summary judgment motion that the evidence was undisputed it did not act with actual malice in performing any of its statutory duties as trustee in the nonjudicial foreclosure process.

---

[3] We use the designation wrongful foreclosure to refer to a claim for damages against the trustee and/or beneficiaries based on alleged negligence in pursuing a nonjudicial foreclosure. We use the designation to distinguish wrongful foreclosure from an equitable action to set aside an improperly conducted foreclosure sale. (See, e.g., *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 800.)

Signature responded to Fidelity's summary judgment motion first by filing a motion seeking leave to amend its complaint to include theories of recovery based on negligence per se, reckless and gross negligence, concealment, and deceit. The trial court denied that motion, a ruling Signature also challenges in this appeal and which we later address.

After the trial court denied its motion to amend, Signature filed opposition to Fidelity's summary judgment motion. Signature argued in the trial court, as it does in this appeal, that *Kachlon* is factually distinguishable and, in any event, there is evidence Fidelity acted with actual malice. The purported factual distinction, according to Signature, is that *Kachlon* involved an action for slander of title based on recording a notice of default, and the statutory privilege applies only to recording, mailing, and publishing of the notices of default. Signature contends this case is distinguishable because it involves an "inappropriate nonjudicial foreclosure," as well as "actual fraud, concealment and deceit." Signature's purported distinctions are meritless.

### A. Standard of Review

"A motion for summary judgment 'shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Code Civ. Proc., § 437c, subd. (c).) The purpose of summary judgment is to penetrate evasive language and adept pleading and to ascertain, by means of affidavits, the presence or absence of triable issues of fact. Accordingly, the function of the trial court in ruling on a motion for summary judgment is merely to determine whether such issues of fact exist, and not to decide the merits of

5

the issues themselves.  [Citations.]  Code of Civil Procedure section 437c, subdivision (c) imposes an affirmative duty on the trial court to grant a motion for summary judgment in an appropriate case.  [Citations.]  "'The reviewing court conducts a de novo examination to see whether the moving party is entitled to summary judgment as a matter of law or whether there are genuine issues of material fact.'''"  (*Preach v. Monter Rainbow* (1993) 12 Cal.App.4th 1441, 1449-1450.)

## B.  Analysis

"Although the [Civil Code] section 47 privileges were originally applicable only to defamation actions, case law now recognizes that the privileges apply to all torts except malicious prosecution.  [Citation.]"  (*Kachlon*, *supra*, 168 Cal.App.4th at p. 336, citing *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057.)  As the *Kachlon* court explained, "[S]ection 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of Civil Code section 47, subdivision (c)(1)."  (*Kachlon*, at p. 325.)  Therefore, a tort cause of action for negligence that stems from an alleged act performed by the trustee in the course of pursuing nonjudicial foreclosure is subject to the common interest privilege because the nonjudicial foreclosure process is initiated by and depends on the protected communications.  (*Ibid*.; see also *Rosenthal v. Irell & Manella* (1982) 135 Cal.App.3d 121, 125-126 [notes the evolution through case law of the privilege created by Civ. Code, § 47, though part of the statutory law dealing with defamation, "into a rather broad protective device which attaches to various classes of persons and

6

applies to types of publications and in types of actions not traditionally identified with the field of defamation"].)

In short, Signature is incorrect in its assertion that an action for damages based on alleged negligence committed by a trustee in the course of nonjudicial foreclosure is not subject to the common interest privilege set out in Civil Code section 47, subdivision (c)(1). Moreover, Signature is also incorrect in its assertion that *Kachlon* was only an action for slander of title. The causes of action in *Kachlon* included slander of title and negligence claims against the trustee, both of which the court held were subject to the Civil Code section 47 privilege and, therefore, barred absent a showing of malice. (*Kachlon*, *supra*, 168 Cal.App.4th at pp. 325, 334, 343-344.)

Because the common interest privilege applies, to prevail on its claim against Fidelity, and to create a triable issue of material fact with respect to its wrongful foreclosure claim, Signature had to present evidence to show Fidelity acted with malice. In the context of the common interest privilege, "malice is defined as actual malice, meaning '"that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights."'" (*Kachlon*, *supra*, 168 Cal.App.4th at p. 336.)

Despite its assertion Fidelity engaged in actual fraud, concealment, and deceit, Signature did not present any evidence in the trial court to support that claim. Signature's showing in its opposition to Fidelity's summary judgment motion consisted of a lengthy list of purported mistakes, both of omission and commission, committed by Fidelity's

7

employees, Sierra Samra and Beverly Brown, in the course of foreclosing on the deed of trust. Signature also claimed Samra exhibited "malice through her means of speech, words, phrases and actions." Signature's characterization of Samra's conduct does not constitute evidence.[4] Moreover, even considered collectively, the purported errors Fidelity committed in the foreclosure process do not support an inference Fidelity acted with hatred or ill will toward Signature, or that Fidelity lacked a reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the Signature's rights. At most, the purported errors Signature cites raise an issue about Fidelity's competence. Although lack of competence is generally sufficient to show negligence, as previously discussed, because the common interest privilege applies to Fidelity's acts as the trustee in a nonjudicial foreclosure proceeding, proof of negligence is not sufficient to establish liability. (*Kachlon*, *supra*, 168 Cal.App.4th at pp. 325, 344.) Signature must demonstrate Fidelity, as the trustee acting under the authority of the nonjudicial foreclosure provisions, acted with malice. (*Id*. at pp. 333–334, 343.)

---

[4] To support its claims, Signature submitted declarations of the beneficiaries of the trust deed, Draper and Joyce. Fidelity objected to those declarations on various grounds, including hearsay, lack of personal knowledge, and relevance. The trial court sustained those objections, and Signature purports to challenge the trial court's ruling in this appeal. Signature has not demonstrated error because it does not address the objections raised in the trial court. Instead, it argues the declarations contain the personal observations of Draper and Joyce and, as such, constitute admissible evidence. Signature's argument at best addresses the relevance of the declarations, but it does not address either the hearsay or foundation objections Fidelity asserted and the trial court sustained. Consequently, Signature has not met its burden to show the trial court erred. (See *Alexander v. McDonald* (1948) 86 Cal.App.2d 670, 671 [burden on appellant to show trial court committed prejudicial error]; *Merchants Nat. T. & S. Bk. v. Snell* (1930) 110 Cal.App. 483, 485-486.)

Because Signature failed to present evidence of malice, it failed to create a triable issue of material fact with respect to Fidelity's liability for wrongful foreclosure based on negligence. Therefore, the trial court properly granted summary judgment in favor of Fidelity and entered judgment accordingly.

## 2.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING SIGNATURE'S MOTION TO AMEND ITS COMPLAINT

As noted previously, before filing opposition to Fidelity's summary judgment motion, Signature sought leave to file an amended complaint. Signature had filed previous motions to amend its pleadings, which the trial court had denied. The trial court construed the current motion to amend the pleadings as a motion for reconsideration of its rulings on Signature's previous motions, and denied the current motion for leave to amend.

Signature does not address the trial court's ruling on its current motion to amend the complaint. Instead, Signature raises various other irrelevant arguments, including the claim the trial court failed on remand to follow this court's instruction. We construe Signature's failure to address the trial court's actual ruling as a concession the ruling is correct. For that reason, we will affirm the ruling.

We also are compelled briefly to address Signature's characterization of this court's instruction to the trial court on remand following the previous appeal. Contrary to Signature's claim, we did not reverse the previous judgment and remand the matter for a new trial. Nor did we direct the court to proceed to trial on the damage claims. The prior

9

appeal involved a trial on the equitable claims Signature asserted against various defendants, including the purchasers at the foreclosure sale, to set aside the foreclosure sale. The trial court had ruled in favor of the defendants and against Signature on all equitable issues, including whether the beneficiaries and Fidelity had wrongly rejected Signature's tender of $15,000 to cure its default on the promissory note. We held in the previous appeal that Signature's tender was sufficient to cure the default but that the foreclosure sale was voidable not void, and could not be set aside against bona fide purchasers. We concluded Signature's remedy against Fidelity and/or the beneficiaries was a claim for damages, if appropriate. We then remanded the matter to the trial court for further proceedings consistent with that view, i.e., a trial on any damage claims supported by Signature's wrongful foreclosure cause of action. In short, and Signature's repeated insistence to the contrary notwithstanding, the legal issue of Fidelity's liability for damages was not raised and, therefore, was not addressed in the prior appeal.

### 3.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING SIGNATURE'S CONTINUANCE REQUEST

Signature contends the trial court improperly denied its request for a three-month continuance of the hearing on Fidelity's summary judgment motion so Signature could conduct discovery. Signature included the continuance request in its opposition to Fidelity's summary judgment motion. In that request, Signature asserted on information and belief that the file in a foreclosure Fidelity conducted on other property owned by Signature's principal, Richard Maraziti, referred to as Gray's Landing, "will reveal

10

additional evidence of Fidelity's malice."  Signature asserted the file was no longer in "their" possession and must be subpoenaed, and "[e]xpert testimony may also be required."

Signature cites Code of Civil Procedure section 437c, subdivision (h), as the sole authority for its assertion the trial court was required either to grant the continuance request or deny the summary judgment motion.  That provision of the summary judgment statute, which Signature does not quote in its argument, states in pertinent part, "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."  (Code Civ. Proc., § 437c, subd. (h).)  A continuance under this provision is mandatory only if Signature shows by appropriate affidavit that "the . . . discovery requested could reasonably lead to evidence necessary to refute" Fidelity's evidence.  (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 313-314, 326.)

Signature did not make the required showing.  "The nonmoving party seeking a continuance [under Code of Civil Procedure section 437c, subdivision (h)] 'MUST SHOW:  (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts.'"  (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633.)  The party seeking the continuance must submit affidavits or declarations in support of the continuance request that set out the specific facts "that would show the existence of

11

controverting evidence. [Citations.]" (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715.) Signature did not submit affidavits or declarations addressing any of the noted factors, or the existence of evidence pertinent to the issue of actual malice. Its showing in support of the continuance request consisted of its attorney's assertion in his declaration that evidence of Fidelity's malice toward Signature "may exist in the Gray's Landing Foreclosure File." That statement is pure conjecture. It raises the question, "What makes you think pertinent evidence will be found in the noted file?" Signature did not present any facts to support its assertion and, therefore, failed to establish grounds for a mandatory continuance.

"When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of Code of Civil Procedure section 437c, subdivision (h), the court must determine whether the party requesting the continuance has nonetheless established good cause therefor. That determination is within the court's discretion. [Citations.]" (*Lerma v. County of Orange*, *supra*, 120 Cal.App.4th at p. 716.) Signature did not offer any reason for a continuance other than its previously discussed discovery request. Consequently, we must conclude the trial court did not abuse its discretion in this case in denying Signature's request for a continuance of the summary judgment hearing. (Cf. *Lerma v. County of Orange*, at pp. 716-718 [plaintiff's attorney was served with summary judgment motion on day he was admitted to hospital for cancer surgery was sufficient good cause for continuance].)

**4.**

## THE TRIAL COURT PROPERLY AWARDED ATTORNEY FEES AND COSTS TO FIDELITY

After the trial court granted its summary judgment motion, Fidelity moved for an award of attorney fees and costs based on the attorney fee provision in the deed of trust. Fidelity also asked the trial court to confirm the attorney fee award of $882,740.54 the trial court had awarded Fidelity in the first trial on the equitable issues, and then to award additional attorney fees of $373,482.50, which Fidelity claimed it had incurred in this matter since the prior fee award.

Signature opposed the attorney fee motion, claiming among other things that Fidelity was not entitled to recover attorney fees either by law or under the terms of the deed of trust because Fidelity was not a party to that contract. Signature also objected to the amount of fees Fidelity requested for the work its attorneys had performed on Fidelity's behalf on remand following Signature's first appeal. In the view of Signature's lawyer, that work consisted of three motions and should have generated fees of no more than $30,000. Fidelity also filed a memorandum of costs, and Signature moved to tax those costs, asserting essentially the same arguments it had raised in its opposition to Fidelity's attorney fee motion.

Following a hearing on April 16, 2012, the trial court granted Fidelity's motion to recover attorney fees, and to reaffirm the fees awarded in the previous trial on the equitable issues. The trial court also denied Signature's motion to tax Fidelity's cost memorandum.

13

In this appeal, Signature contends, as it did in the trial court, that the attorney fee clause in the deed of trust, by its terms, does not apply to a tort action for wrongful foreclosure based on negligence brought by the trustor against the trustee. In other words, Signature contends its lawsuit was not an action on the contract, which in this case is the deed of trust and, therefore, is not covered by the attorney fee provision. We disagree.

## A. Standard of Review

"'"'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law."'"' (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.) The issue in this case is whether the attorney fee provision in the deed of trust applies to Signature's claims against Fidelity. That issue turns on interpretation of the attorney fee provision and, therefore, is a question of interpretation of the contract, which like statutory construction, is a question of law. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 ["The interpretation of a written instrument, even though it involves what might properly be called questions of fact [citation], is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect. [Citations.] Extrinsic evidence is 'admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible' [citations], and it is the instrument itself that must be given effect.

14

[Citations.]  It is therefore solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence"].)

## B.  Analysis

Before we address the specifics of Signature's arguments, we note Signature's failure to include in its argument citations to the record to show it raised any of these claims in the trial court.  Because it has not complied with the pertinent rule of court, we may reject each of its claims and we are inclined to do so for that reason alone.  (See Cal. Rules of Court, rule 8.204(a)(1)(C).)  However, we will forestall the inevitable petition for rehearing, or request to file supplemental briefing, and will address those issues to the extent we are able to determine from the record that Signature raised them in its opposition to Fidelity's motion for attorney fees.

The attorney fee clause in the deed of trust at issue here is included in the provisions setting out the trustor's various duties to protect the security of the deed, including the duty "(3) [t]o appear in and defend any action or proceeding purporting to affect the security hereof . . . or the rights or powers of Beneficiary or Trustee:  and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed."  Under Civil Code

section 1717, the attorney fee provision would create a reciprocal obligation on the part of the beneficiary and trustee to pay the trustor's attorney fees.[5]

The above quoted attorney fee provision is standard in form deeds of trust, and is the same provision included in the deed of trust at issue in *Kachlon*. (*Kachlon*, *supra*, 168 Cal.App.4th at p. 347.) That court interpreted the provision to constitute a reciprocal agreement between the parties to the deed of trust to pay attorney fees "in any action affecting . . . the rights or powers of the Kachlons (the beneficiaries under the deed of trust) or Best Alliance (the trustee)." (*Ibid*., fn. omitted.) Signature's action against Fidelity for wrongful nonjudicial foreclosure of the deed of trust challenges the "rights and powers" of Fidelity, the trustee. As such, the action, which seeks both equitable relief in the form of setting aside the foreclosure sale, and damages for negligence, comes within the terms of the attorney fee clause in the deed of trust. Because the attorney fee provision expressly includes the trustee, it is irrelevant that the trustee is not actually a signator of the contract or the deed of trust. Signature, as the trustor, is a party to the deed of trust and, therefore, is subject to the terms of that agreement.

We also reject Signature's claim that the attorney fee provision does not survive foreclosure on the deed of trust because the trustee's role is terminated when the deed of trust is foreclosed. Signature's assertion is based on an incomplete and, therefore,

---

[5] Civil Code section 1717 states, in pertinent part, "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

16

incorrect reading of the previously quoted attorney fee provision. The trustor's obligation under the deed of trust to pay attorney fees extends "[to] any action or proceeding purporting to affect . . . the rights or powers of . . . Trustee . . . in which . . . Trustee may appear . . . ." Signature's lawsuit against Fidelity "affects the rights or powers" of Fidelity as trustee under the deed of trust because the lawsuit challenges Fidelity's exercise of those rights and or powers, and is the source of the duties Signature alleges Fidelity breached. The attorney fee provision, by its express terms, applies to such lawsuits.

To the extent Signature contends the attorney fee provision applies only to actions involving foreclosure of the deed of trust, and not to tort claims stemming from such foreclosures, we must also reject that claim. Whether a contractual attorney fee provision also covers tort actions depends on the wording of the provision. As the Supreme Court explained in *Santisas v. Goodin* (1998) 17 Cal.4th 599, "If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'" (*Id*. at p. 608.) The wording of the attorney fee provision in the deed of trust is sufficiently broad to include both contract and tort claims.

Signature also claims that the attorney fee award was premature and should await the outcome of its lawsuit against the beneficiaries. Signature's claim is based on *Kachlon*, in which the court found the trustee liable to pay attorney fees to the trustor, in

17

part, because the trustee had aligned itself with the beneficiaries and against the trustor during the entire dispute.  (*Kachlon*, *supra*, 168 Cal.App.4th at p. 349.)  This case involves the reverse situation—the trustee, Fidelity, is entitled to recover attorney fees from the trustor, Signature.  Therefore, *Kachlon* is irrelevant.

Signature also contends the trial court lacked jurisdiction to confirm the attorney fees awarded in the first trial on the equitable issues because Fidelity did not include that request in its notice of motion for attorney fees.  The function of a notice of motion is to put the parties on notice of the issues that will be addressed.  (See Code of Civ. Proc., § 1010 ["notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based"].)  Although we are not persuaded Fidelity was required to seek confirmation of the previously awarded attorney fees, having chosen that procedure, Fidelity was required to give notice to Signature of the basis for the requested order.  Fidelity did that in this case by giving notice of its attorney fee motion, and then including its specific requests regarding those fees in the points and authorities filed in support of its motion.  Signature had notice of the basis upon which Fidelity sought confirmation of the earlier attorney fee award because that request was included in Fidelity's points and authorities.  Signature does not claim otherwise.  Signature's claimed incredulity over the amount of the fee award, which includes the previously awarded fees of $882,740.54, is at best feigned and at worst specious.

18

Signature contends the trial court awarded $373,482.50 to Fidelity in attorney fees for what essentially amounts to three motions. In other words, Signature contends the fee award is excessive.

We review the trial court's ruling on an attorney fee motion under the abuse of discretion standard. "[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances. [Citation.]" (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 782, citing *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

"'It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'" (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1096.)

The trial court in this case, like the court in *PLCM Group, Inc. v. Drexler*, based its attorney fee award on the number of hours counsel spent on the case multiplied by the prevailing hourly rate for comparable services in the area.[6] The trial court did not find that either the attorney's hourly rate or the number of hours devoted to the case on behalf of Fidelity was excessive. Signature has not demonstrated an abuse of discretion, despite its effort to minimize the extent of representation counsel provided to Fidelity. Once Fidelity made its showing, the burden shifted to Signature to show the fees were excessive, by showing either that the hours worked or the hourly rate charged was not reasonable. Signature did neither in this case. Instead, Signature merely raised the argument without supporting it with facts in the form of evidence. For example, Signature did not present evidence to show the appropriate hourly billing rate for attorneys such as those Fidelity employed in this case. Instead, it simply argued Fidelity's rate was excessive.

The trial court impliedly found Fidelity was the prevailing party in this matter and, based on that finding, awarded it the fees it had incurred in defending this action. *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, on which Signature relies, involved an attorney fee award to the party prevailing on an anti-SLAPP motion. Because that award was limited to the fees incurred on the specific motion, the party

---

[6] Signature purports to challenge the evidence Fidelity submitted in the trial court to support its attorney fee claim. However, Signature has not supported its argument with citations to the record and, therefore, has not demonstrated it raised these issues in the trial court. Moreover, the record includes sufficient evidence, in the form of declarations submitted by the attorneys who worked on Fidelity's behalf in this litigation, to support the attorney fee award.

claiming those fees was required to show the connection. The claiming party's failure to establish the required nexus was sufficient reason for the trial court to exercise its discretion to award attorney fees significantly less than the amount requested. (*Id*. at pp. 1328-1329.) Fidelity submitted billing summaries prepared by its attorneys and explained in a declaration submitted by lead counsel. That evidence is sufficient to support the attorney fee award in this case.

Signature claims Fidelity improperly seeks to recover the attorney fees it incurred in pursuing the initial appeal. Signature does not support this assertion with a citation to the record on appeal. Therefore, we will not address this issue. (Cal. Rules of Court, rule 8.204(a)(1)(C).)

## DISPOSITION

The third amended judgment is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

21