[Sac. No. 497. Department One.—July 27, 1899.]

.F. M. POWELL, Appellant, v. BANK OF LEMOORE et al., Respondents.

Deed of Trust—Sale—Injunction Improperly Allowed—Untruthful Allegations—Action to Redeem.—A sale under a deed of trust, even if in technical violation of an injunction, will not be disturbed in equity, where it appears that the debtor improperly obtained the injunction by untruthful allegations of fact; and in such case, he cannot maintain an action to redeem the property sold.

Id.—Maxims—Relief Forbidden to Violator of Equity.—Under the application of the maxims, that "no man can take advantage of his own wrong," and that "he who comes into a court of

equity must come with clean hands," one who has been guilty of conduct in violation of these fundamental principles of equity jurisprudence can have no relief in equity.

Id.—Sale in Violation of Injunction not Void.—A sale under a deed of trust, in full violation of an injunction, is not void, but merely voidable, and will only be relieved against upon a proper showing by a party entitled to the consideration of a court of equity.

Id.—Findings in Action to Redeem—Immaterial Omissions—Admission of Pleadings—Offer to Redeem after Title Passed. The failure to find, in the action to redeem the property sold, that the injunction was issued, is immaterial where that fact was admitted by the pleadings; and the failure to find upon an alleged offer to redeem the property by paying the full amount is immaterial where the complaint shows that such offer was made after the sale and deed of the property, and the court found the ultimate and controlling fact that the title to the land passed by the sale and deed.

APPEAL from a judgment of the Superior Court of Kings County. Justin Jacobs, Judge.

The facts are stated in the opinion of the court.

Rowen Irwin, and Charles G. Lamberson, for Appellant.

The judgment should be reversed for failure to find upon material issues. (*Baggs v. Smith*, 53 Cal. 88; *Smith v. Mohn*, 87 Cal. 497.) The sale, being in violation of the injunction, if not absolutely void, is voidable upon a direct attack, such as the present. (2 High on Injunctions, sec. 1461; *Bagley v. Ward*, 37 Cal. 121, 139; 99 Am. Dec. 256; *Winn v. Albert*, 2 Md. Ch. 42; *Union Trust Co. v. Southern etc. Co.*, 130 U. S. 565; *Ward v. Billups*, 76 Tex. 466; *Bissell v. Besson*, 47 N. J. Eq. 580.)

M. L. Short, and Horace L. Smith, for Respondents.

There was no necessity to find a fact admitted by the pleadings. (*Gruhn v. Stanley*, 92 Cal. 86.) The ultimate fact of title being found, which supports the judgment, the failure to find upon the subsequent offer to redeem is immaterial. (*Southern Pac. R. R. Co. v. Dufour*, 95 Cal. 619; *Merrill v. Merrill*, 102 Cal. 317.) The plaintiff is not entitled to relief, not having clean hands, and not being entitled to take advantage of his own wrong. (Civ. Code, sec. 3517; 1 Pomeroy's Equity Jurisprudence, sec. 397.) The sale was not void, and passed title. (*Bagley v. Ward*, 37 Cal. 121; 99 Am. Dec. 256.)

VAN DYKE, J.—The action is one to redeem certain real estate situated in Kings county, sold to the defendant bank under a deed of trust. Judgment went for the defendant bank, and the appeal is from the judgment without a bill of exceptions.

The court below found that plaintiff, on January 12, 1897, commenced an action in the superior court of Kings county against the Bank of Lemoore, Henry C. Campbell, Thaddeus B. Kent, and the San Francisco Savings Union, and procured an order from the judge of the superior court directing an injunction to issue to the defendants therein named, enjoining them from selling the land mentioned in the complaint herein; that said injunction was served on the Bank of Lemoore at 11 o'clock A. M., of said twelfth day of January, 1897, but was never served on Henry C. Campbell and Thaddeus B. Kent, the trustees who had advertised the land for sale in San Francisco; and that they had no notice or knowledge of the said injunction prior to the sale of said land by them; that said trustees sold said land at the appointed time and place, and the same was purchased by the Bank of Lemoore, through its agent, R. E. McKenna, and that upon the same day the said trustees made and delivered to the Bank of Lemoore a deed conveying said land, and that at the time they made and delivered said deed they had no knowledge or notice of the issuance of the injunction; and that said McKenna, as agent of said bank, had no knowledge or notice that a writ of injunction had been issued to prohibit the sale. The court further found that the allegation in the complaint, upon which the injunction was issued, to wit, that on or about the twenty-fifth day of October, 1896, the San Francisco Savings Union, while it was the owner and legal holder of said note, for valuable consideration, to wit, the payment of one year's interest thereon in advance, made and entered into a contract with plaintiff wherein and by the terms of which the time of payment of the principal of said promissory note was extended for the period of one year therefrom, was untrue and not founded in fact. And that the further allegation in the said complaint that no part of the principal of said promissory note, or the interest thereon, is now due, was also untrue and not founded in fact. And because of

these untruthful allegations appearing in said complaint, the court directed the said writ of injunction to issue in said action above mentioned, and the court now finds that said writ of injunction was improperly obtained by the plaintiff, F. M. Powell, and but for said untruthful allegations would not have issued. As a conclusion of law, deduced from its findings of fact, the court finds that the Bank of Lemoore is the owner of the land, that the plaintiff has no title or interest therein, and that the plaintiff take nothing by his action.

The appellant contends that the judgment should be reversed because the court failed to find upon material issues made by the pleadings. One of these is that the court failed to find that the injunction was issued. This fact was alleged in the complaint, and not denied in the answer, and, therefore, there was no issue upon that point rendering the finding necessary. It is claimed, also, that the court failed to find on the question of the offer to redeem the property by paying the full amount. The allegation of the complaint in this respect is not specific as to the time when such offer was made, but a reading of the whole shows that the offer was made, if at all, after the sale of the land to the bank and the execution of the deed thereon. It is alleged in the complaint that the offer was refused by the bank, because, as it claims, it acquired a valid title to the land through the sale, and was the owner of the property. The finding of the court, however, that the title to the land passed to the defendant bank by the sale on January 12, 1897, by the trustees, was the ultimate and controlling fact in the case and sufficient to support the judgment.

Even if the injunction had been technically violated by the sale, the plaintiff is not in a position to complain. The court finds that because of the untruthful allegations made by plaintiff, contained in his complaint, the writ was issued. "No one can take advantage of his own wrong" (Civ. Code, sec. 3517); and "he who comes into a court of equity must come with clean hands," is an old and familiar rule. Mr. Pomeroy, in discussing this rule, aptly says: "It assumes that the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conception of equity jurisprudence, and therefore refuses him all recognition and relief with

reference to the subject matter or transaction in question."
(1 Pomeroy's Equity Jurisprudence, sec. 397.)

But if the injunction had been properly obtained, and the writ had been served on all the parties defendant in that proceeding prior to the sale, still the sale would not therefore have been void, but simply voidable. (*Bagley v. Ward*, 37 Cal. 121; 99 Am. Dec. 256.) In such case, upon a proper showing by a party entitled to the consideration of a court of equity, relief may be granted by setting aside such sale. Otherwise it will be allowed to stand.

The appeal being upon the judgment-roll, the findings are assumed to be supported by the evidence, and such findings not only fail to show that the plaintiff was entitled to relief, but, on the contrary, justify the action of the trial court in awarding judgment for the defendant bank.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.