[Civ. Nos. 132, 141. Second Appellate District.—January 8, 1906.]

## T. P. OWEN et al., Respondents, v. J. HERZIHOFF, Appellant.

LANDLORD AND TENANT—RENT—DEPOSIT IN BANK—OFFER OF PAYMENT.—The mere fact that after a demand by the landlord for rent and its nonpayment by the tenant, the latter deposited in bank the amount of such rent, was not an extinguishment of the tenant's obligation to pay the rent, under section 1500 of the Civil Code, in the absence of a prior offer of payment to the landlord, or anything indicating that the landlord had actual notice of such deposit or ever acquiesced therein, or availed himself thereof, or did any act which would be held as waiving the forfeiture on account of nonpayment of the rent.

ID.—UNLAWFUL DETAINER—TENANCY FROM MONTH TO MONTH—TERMINATION OF TENANCY BY NOTICE—SATISFACTION OF JUDGMENT.—A tenancy from month to month does not terminate by the mere lapse of time, but may be terminated by the notice from the landlord to the tenant of one month provided for in section 1946 of the Civil Code. In the absence of a termination of the tenancy by such a notice, a judgment in favor of the landlord, in an action of unlawful detainer after default in the payment of rent, may be satisfied by the tenant, in accordance with the provisions of section 1174 of the Code of Civil Procedure, by the payment into court of the amount of the rent, with interest thereon and costs, within five days after the entry of judgment, and the right of the tenant upon such payment to be restored to his estate may be waived by the tenant's prior surrender of possession to the landlord.

ID.—STIPULATION AS TO ERRONEOUS LEGAL EFFECT OF LEASE.—A stipulation in the record that a "lease had expired by its terms," if based upon an erroneous interpretation of the legal effect of the contract, will be disregarded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing to direct a satisfaction of the judgment. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, and D. H. Laubersheimer, for Appellant.

Earle & Creede, for Respondents.

ALLEN, J.—The first appeal is from a judgment for plaintiffs in forcible detainer, from which defendant appeals.

The second is an appeal by defendant from a judgment denying a motion for an order directing satisfaction of the first judgment upon payment of the amount of rent found due, together with costs.

The record on the first appeal (Civil No. 132) shows that the tenancy was one from month to month, with rent payable monthly in advance; that demand was made on August 1st for the rent of that month, which was refused, and thereafter, on August 17th, demand in writing for the amount of the rent, with notice to quit, if payment be not made within three days, was made and given. The service of this notice to quit is conceded by the answer. The findings are sufficient to support the judgment. The mere fact that after the demand for rent and nonpayment, the defendant deposited in bank the amount of such rent was not an extinguishment thereof under section 1500 of the Civil Code. The offer, which is a prerequisite to such deposit under this section, was not shown. There is nothing in the record to indicate that plaintiffs had actual notice of such deposit or ever acquiesced therein, or availed themselves thereof, or did any act which could be held as waiving the forfeiture on account of nonpayment of the rent. We find no error in the record upon this appeal, and the judgment is ordered affirmed.

On the second appeal, it appears that within five days after the rendition of the judgment defendant paid into court for plaintiffs $50, the amount of the rent found due, together with costs; that defendant had previously, on September 30th, surrendered possession of the said premises to plaintiffs; and he moved the court for an order directing satisfaction of the judgment theretofore rendered for treble the amount of the rent found due. This motion was denied, which we think was error. "In the case of a lease from month to month, the estate does not terminate by the mere lapse of time." (*Stoppelkamp* v. *Mangeot,* 42 Cal. 323.) Such tenancy may be terminated by the notice under section 1946 of the Civil Code. (*Corson* v. *Benson,* 86 Cal. 439, [25 Pac. 7].) This notice in a month to month tenancy must be for one month. No notice of this character was given; hence, the lease did not expire by its terms, nor had it been terminated by act of the parties, nor otherwise than by the judgment of forfeiture for nonpayment of rent. Section 1174 of the Code of Civil Pro-

cedure provides that when the lease has not expired by its terms, and the forfeiture is on account of nonpayment of rent, upon the payment into court of the amount of rent, with interest thereon and costs, the judgment shall be satisfied and the tenant restored to his estate. The stipulation in the record that "the lease had expired by its terms," in our opinion, being a stipulation as to an erroneous interpretation of the legal effect of the contract, should be disregarded. This right of restoration to the estate the tenant waived by the surrender of possession; but the right given him by virtue of the terms of the lease entitled him to a stay of execution for five days and the right to extinguishment of the judgment by the payment of .the actual sum due.

The judgment in case Civil No. 141 is reversed, with directions to the lower court to order satisfaction of the judgment theretofore rendered in the case of forcible detainer.

Gray, P. J., concurred.

SMITH, J.—I concur in the judgment, and also with what is said in the opinion with reference to the second appeal. As to the first appeal, I am not clear as to the correctness of the judgment for treble damages; but, as the same result is affected by the reversal of the second appeal, the questions involved in the first need not be considered.