[Civ. No. 7965. First Appellate District, Division Two.—April 26, 1932.]

AMERICAN TRUST COMPANY (a Corporation), Respondent, v. M. S. DEALBERGARIA, Appellant.

Welles Whitmore for Appellant.

Brobeck, Phleger & Harrison, Southall R. Pfund and G. Demmick for Respondent.

NOURSE, P. J.—Plaintiff sued in unlawful detainer to recover possession of real property which it had purchased at a trustee's sale. Plaintiff had judgment and defendant appealed attacking the validity of the trustee's sale. Respondent has moved to dismiss the appeal upon the ground that a second sale gave it clear title and that the questions raised on the appeal are therefore moot. We do not pass on the motion to dismiss because we are satisfied that the judgment must be affirmed.

The property is located in Contra Costa County and was subject to a deed of trust upon which default had occurred. Notice of sale under the terms of the deed of trust was duly given, but before sale was made appellant went to the Superior Court in San Francisco County and obtained a temporary injunction restraining the trustees and those acting in its behalf from "selling or attempting to sell, or continuing the sale" of the property. Pending hearing of this injunction respondent's agent postponed the sale from the

day set until December 10, 1929. On December 5th of that year the temporary injunction was, after hearing in the San Francisco court, dissolved and the sale was made on December 10th. Appellant was present at the time of the sale and does not attack it upon the ground of want of sufficient notice.

The judgment must be affirmed for these reasons: ■ The sale, if irregular because postponed in defiance of the injunction, was voidable and not void. (*Powell* v. *Bank of Lemoore*, 125 Cal. 468, 472 [58 Pac. 83]; 18 Cal. Jur., p. 560.) Being voidable at the most, appellant could attack the sale only by offering to do equity. (*Humboldt Sav. Bank* v. *McCleverty*, 161 Cal. 285, 290 [119 Pac. 82], where the conflicting rules are discussed and the California rule is stated.) This appellant has failed to do, and his attack being collateral, he is not entitled to equitable relief.

■ In any event, the party attacking such a sale must show injury to himself from the asserted irregularity (25 Cal. Jur. 91; *Sargent* v. *Shumaker*, 193 Cal. 122, 132 [223 Pac. 464]), and here, again, appellant has failed in his proof.

■ But we should not be understood as implying that the sale under attack was voidable or irregular. The injunction restrained the "continuing" of the sale of the property until further order of the court. It did not restrain the postponement of the date of sale. Respondent did not disobey the injunction by the postponement until a date after the dissolution of the injunction. If they had gone ahead with the sale or had *continued* to make the sale so that the rights of the parties would have been changed pending the injunction, appellant would have had ground for complaint. But their postponement of the sale until after the dissolution of the injunction was in conformity with the letter and spirit of the order as it kept the matters *in statu quo,* and we are convinced that such was the only purpose of the court in issuing the injunctive order.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.