[Civ. No. 8486. First Appellate District, Division Two.—September 16, 1932.]

M. S. DE ALBERGARIA, Appellant, v. AMERICAN TRUST COMPANY (a Corporation), Respondent.

Welles Whitmore and H. H. McPike for Appellant.

Brobeck, Phleger & Harrison, Southall R. Pfund and G. Demmink for Respondent.

STURTEVANT, J.—From a judgment in favor of the defendant in an action to quiet title the plaintiff has appealed and has brought up a bill of exceptions. The complaint was in the usual form. In its answer the defendant interposed some denials and then it pleaded affirmatively

facts showing that on December 10, 1929, it purchased the property at a sale held by the trustee named in a certain deed of trust. On the trial evidence was introduced showing that notice was given that the sale would be held on October 29, 1929. On the latter date the sale was continued until November 29, 1929. On the twenty-seventh day of November, 1929, an order to show cause was issued in an injunction case directing the defendants in that case to show cause on December 5, 1929, why an injunction *pendente lite* should not issue restraining the holding of the sale. Said order contained a passage as follows: ''It is ordered that the defendants and each, and all of them, and all their servants, agents and attorneys, and all other persons acting in their behalf, do desist and refrain from selling or attempting to sell, or continuing the sale, of the real property, or any part thereof, described in that certain deed of trust dated the 19th day of September, 1928.'' The order was served on the trustee and when the hour fixed for the sale arrived on November 29, 1929, the trustee continued the holding of the sale until the tenth day of December, 1929. On the date last mentioned the sale was held.

The plaintiff calls attention to the fact that the act of the trustee in continuing the sale from November 29, 1929, to December 10, 1929, was in violation of the language of the restraining order and he claims that the sale was therefore void. In support of his contention he cites *Bagley* v. *Ward*, 37 Cal. 121, 122 [99 Am. Dec. 256] ; *Farnsworth* v. *Fowler,* 1 Swan (Tenn.), 1 [55 Am. Dec. 718] ; *Keyes* v. *Alligood,* 178 N. C. 16, 21 [100 S. E. 113]. No one of those authorities supports the contention. Where, as here, the attack is collateral, it has been held that where an injunction had issued restraining the holding of a sale by a trustee under a trust deed, a sale in violation of the injunction was irregular but not void. (*Bagley* v. *Ward, supra; Keyes* v. *Alligood, supra; Powell* v. *Bank of Lemoore,* 125 Cal. 468, 472 [58 Pac. 83].) Those cases go further than we are called upon to go because in the instant case the sale was continued in violation of the restraining order, but the sale itself was not held until after the restraining order had been vacated.

The second point made by the plaintiff is that the sale was never postponed from October 29, 1929, to Decem-

ber 10, 1929. In this connection the plaintiff calls attention to the fact that Mr. A. C. McIntyre was an "assistant secretary of the American Securities Company". He also calls attention to a part of the record to the effect that on the twenty-seventh day of November, 1929, Mr. McIntyre by letter requested L. W. Beede to postpone the sale from November 29, 1929, to December 10, 1929, and that he signed the letter as assistant vice-president. The plaintiff then argues that there is nothing in the record to show that the American Securities Company, trustee in the deed of trust, ever authorized or consented to a postponement of the sale of plaintiff's property under said deed of trust. The point is without merit. The American Securities Company being a corporation could act only through its officers and agents. The fact that Mr. McIntyre was assistant secretary was not inconsistent with the fact that he was also an assistant vice-president. There was not a particle of evidence that he or anyone else exceeded his authority.

On March 26, 1932, the defendant served and filed a notice of motion to dismiss this appeal. The hearing of that motion was continued and was submitted for determination at this time. In view of what has been said above, it becomes unnecessary to pass on the motion.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.