[Civ. No. 20310.   Second Dist., Div. One.   Mar. 15, 1955.]

TROY D. CHENOWETH, Appellant, v. OFFICE OF THE CITY CLERK OF THE CITY OF LOS ANGELES et al., Respondents.

Wirin, Rissman & Okrand and Hugh R. Manes for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Alan G. Campbell, Assistant City Attorneys, and George William Adams, Deputy City Attorney, for Respondents.

DRAPEAU, J.—Troy D. Chenoweth was an employee of the city of Los Angeles for more than 18 years. His last position in the city's service was assistant chief, license and sales tax division, office of the city clerk.

Mr. Chenoweth became convinced that certain of his associates in the city clerk's office were guilty of corrupt misconduct in the administration of the law, and in the collection of license, use, and sales taxes. So he wrote several letters to the mayor of the city, making these charges.

The mayor decided to hold a hearing to investigate the charges, and notified Mr. Chenoweth to be present and substantiate them. (City Charter, § 63[2]; Stats. 1925, p. 1054.) But at the hearing when the mayor called upon Mr. Chenoweth to be sworn and to state the facts upon which his charges were based, he refused to be sworn, or to make any statement.

His chief, the city clerk, who was also present at the mayor's hearing, directed Mr. Chenoweth to be sworn, and to state the facts upon which he based his charges. Mr. Chenoweth still refused.

The mayor continued the hearing for two days, when Mr. Chenoweth was again directed to be sworn and to state his

charges. This time he gave as a reason for his continued refusal that he had advised the grand jury of his charges, and would talk to that body only.

The city clerk then discharged Mr. Chenoweth for insubordination, conduct harmful to the city's service, and refusal, failure, and neglect to perform the duties of his position.

Mr. Chenoweth applied to the board of civil service commissioners of the city for reinstatement. The board held an extensive hearing, and voted to sustain Mr. Chenoweth's discharge.

Mr. Chenoweth then petitioned the superior court for a writ of mandate, directing the city to reinstate him in his former position, and to pay him his salary for the time he had been excluded from it. He appeals to this court from the judgment denying his petition.

At the threshold of consideration of this case, this court is met with an incomplete record. No reporter's transcript of the hearing in the superior court has been furnished. The general rule is that matters not shown by the record will not be considered on appeal. (3 Cal.Jur.2d 782.) And in the absence of a reporter's transcript a reviewing court is confined to a determination whether the pleadings state a cause of action, whether the findings are within the issues, whether the judgment is supported by the findings, and whether reversible error appears upon the face of the record. (*Montaldo* v. *Hires Bottling Co.*, 59 Cal.App.2d 642 [139 P.2d 666].)

However, this court has sent for the file and exhibits in the superior court. There, as an exhibit, is to be found a reporter's transcript of the hearing before the board of civil service commissioners.

A review of that record shows that there was ample evidence before the board to sustain the charges of insubordination, and conduct harmful to the city's service.

In a memorandum for counsel the trial judge said:

"In the hearing before the Civil Service Commission, the facts outlined above make it very clear that petitioner was discharged for wilfully refusing to obey the order of the City Clerk to tell, at the hearings before the Mayor, any facts to support the very serious charges which he had made against city officials and employees. The hearing was long and difficult because petitioner, in his defense, attempted to prove that his charges were true. This was outside the then issues because the City Attorney had made no attempt to

prove the charges were false and the evidence of insubordination was undisputed. This insubordination also proves charge #2, i.e., conduct harmful to the city's service.''

Referring to Mr. Chenoweth's contention that he had been given insufficient notice of the hearing, the trial court further said:

''This, of course, is no valid reason for refusing to tell what facts he then knew, especially in view of the statement in his letter of January 29, 'I have briefed the situation from numerous notes that I have made' and in view of the fact that on February 4 the Mayor had asked him to make definite charges in writing to be used as a basis for the hearing and to outline some of the evidence.''

The chief issues in a review of a determination of fact by an administrative board are whether the person has been accorded a hearing, and whether there is substantial evidence to support the determination of the board. And evidence contrary to that supporting the conclusions of the board should be disregarded. (*La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13]; *Pratt* v. *Los Angeles County Civil Service Com.*, 108 Cal.App.2d 114 [238 P.2d 3]; *Nunes* v. *Board of Civil Service Comrs.*, 88 Cal.App. 2d 632 [199 P.2d 311].)

The ultimate power of decision in such cases rests with the judge of the trial court. Appellate courts will not interfere with the conclusion of the trial court if there is any substantial evidentiary support for it. (*Moran* v. *Medical Examiners*, 32 Cal.2d 301 [196 P.2d 20].)

Application of the foregoing principles answers Mr. Chenoweth's contention that the reasons for his discharge were not supported by the evidence.

Mr. Chenoweth contends that he was kept out of his office, and denied access to his files, by the city clerk between the time of the first and second mayor's hearings, and was therefore unable to get the information together necessary for him to testify. He states it was for that reason he communicated with the grand jury. This contention was presented to the board of civil service commissioners and to the trial court, and it was for them to pass upon its merits. And the record shows that Mr. Chenoweth had access to his office and files during working hours.

No error appears in the exclusion of portions of Mr. Chenoweth's letters to the mayor in the hearing before the board, or the admission of the transcript of the mayor's hear-

ing, or the refusal to subpoena and admit into evidence before the board testimony and documents which it is claimed would have supported Mr. Chenoweth's charges. He was discharged for refusing to be sworn and support his charges when he was called upon to do so by the mayor, and the city clerk.

Having come to the conclusions stated, it is unnecessary to consider arguments in the briefs as to laches or estoppel, or to pass upon either of those issues in the case.

The judgment is affirmed.

Doran, Acting P. J., concurred.

White, P. J., did not participate in the decision in this case.

A petition for a rehearing was denied April 11, 1955, and appellant's petition for a hearing by the Supreme Court was denied May 11, 1955.