[Civ. No. 5080.    Fourth Dist.    Aug. 30, 1955.]

REVA RAE WARBURTON, Plaintiff and Respondent, v. ALICE LOUISE KIEFERLE, Defendant and Appellant; COUNTY OF LOS ANGELES, Defendant and Respondent.

Leola Buck Kellogg and Montgomery G. Rice for Defendant and Appellant.

Chapman & Sprague and Roy E. Chapman for Plaintiff and Respondent.

Harold W. Kennedy, County Counsel (Los Angeles), and Wilcox R. Stoddard, Deputy County Counsel, for Defendant and Respondent.

MUSSELL, J.—This is an action for partition of residential property situated in San Bernardino County. Defendant Alice Louise Kieferle answered and filed a cross-complaint to quiet title to the same property and for cancellation of the deed under which plaintiff acquired her

interest therein. Defendant, State of California, by answer and cross-complaint claimed a lien on the property for sales tax, and the defendant, county of Los Angeles, claimed a lien thereon for medical care and general relief advanced to Joseph A. Kieferle.

The trial court decreed that plaintiff and defendant Alice Louise Kieferle are each the owners of an undivided one-half interest in the property involved and that the interest of defendant Alice Louise Kieferle is subject to a lien in favor of defendant county of Los Angeles in the amount of $1,045.42, and a lien in favor of the State of California for $114.44. The lien of the state has been released by the attorney general and is not here involved. Defendant Alice Louise Kieferle appeals from the judgment.

It was stipulated in the trial court, in a written stipulation included in the clerks' transcript herein, that certain documents might be filed with the court and received and considered by the court as evidence upon the issues raised by the pleadings and that the matter be submitted on said documents and on certain agreed facts relative to the execution of plaintiff's deed, together with admissions of the truth of certain allegations in defendant's cross-complaint, which we are unable to identify from the record before us.

There is no reporter's transcript in this matter and we are therefore limited to a determination whether the pleadings state a cause of action and the findings are within the issues, whether the judgment is supported by the findings and whether reversible error appears on the face of the record. (*Chenoweth* v. *Office of City Clerk,* 131 Cal.App.2d 498, 500 [280 P.2d 858] ; *Montaldo* v. *Hires Bottling Co.,* 59 Cal. App.2d 642, 646 [139 P.2d 666].)

Where an appeal has been taken on the judgment roll alone the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. (*Goldberg* v. *List,* 11 Cal.2d 389, 394 [79 P.2d 1087, 116 A.L.R. 900].)

The findings should receive a liberal construction to uphold rather than to defeat the judgment. (*Montaldo* v. *Hires Bottling Co., supra,* p. 646.)

The following facts appear from the record. On January 10, 1949, Alice Louise Kieferle filed an action for divorce in Los Angeles County against Joseph A. Kieferle and on

January 20, 1949, the court in that action made its order restraining both parties from transferring, disposing of and/or encumbering any of the community property except for the necessities of life and except as in the order provided. The order made no other provision concerning disposition of the property of the parties. Following the trial in the divorce action, findings of fact and conclusions of law, dated July 10, 1949, were prepared by the court. Objections to these findings were made by the attorney for Joseph A. Kieferle and a hearing was had thereon on July 15, 1949. The court then made certain corrections in the findings but made no changes affecting the property involved herein. The findings and conclusions, as corrected, and an interlocutory decree of divorce were signed, filed and entered on July 18, 1949. The interlocutory decree provided, among other things, that the real property here involved "(i)s hereby adjudged to be community property and is awarded to plaintiff and defendant in equal shares, each party to have an undivided one-half interest therein; provided that either party hereto may at any time within a year subsequent to entry of this interlocutory decree apply to this Court for an order appointing a Commissioner or referee to effect a sale of said property and account to each of the parties hereto for one-half of the net proceeds; provided further that during such year the parties shall have equal right to occupy the said premises or to join the other in a lease thereof, each accounting to the other for one-half the expenses and net proceeds." No appeal was taken from this decree and a final judgment of divorce was entered on April 18, 1951, and the property of the parties was assigned therein in accordance with the provisions of the interlocutory decree.

Plaintiff Reva Rae Warburton is the daughter of Joseph A. Kieferle. On July 15, 1949, he executed, acknowledged and delivered to her a grant deed conveying to her an undivided one-half interest in the property involved herein. Plaintiff recorded this deed in San Bernardino County on July 19, 1949, and relies on it to establish her claim to partition of the property involved.

On May 10, 1950, Joseph A. Kieferle executed a mortgage on the property involved in favor of the respondent county of Los Angeles. This mortgage was executed for the purpose of securing the payment to said county for indigent aid and relief previously advanced to Joseph A. Kieferle, for which it was claimed that the sum of $1,045.42 was due. This mort-

gage was recorded in San Bernardino County July 13, 1950.

On September 13, 1949, an abstract of judgment in the Los Angeles divorce case was filed in the recorder's office of San Bernardino County and on September 13, 1951, the sheriff of San Bernardino County issued a sheriff's deed on execution to Alice L. Wiedeman Kieferle, reciting therein that by virtue of an execution issued on July 10, 1950, upon a judgment recovered on the 18th day of July, 1949, in favor of Alice Louise Wiedeman Kieferle against Joseph A. Kieferle, he levied upon and sold the interest of Joseph A. Kieferle in the property herein involved, owned by Kieferle on August 25, 1950.

Appellant first contends that the deed to plaintiff executed by Joseph A. Kieferle on July 15, 1949, is void because it was made in defiance of a specific court provision. This contention is without merit.

In *Erickson* v. *Municipal Court,* 131 Cal.App. 327 [21 P.2d 480], it was held that a sale on execution by the sheriff, although in violation of a court order, was not void. See also *de Albergaria* v. *American Trust Co.,* 126 Cal.App. 59, 60 [14 P.2d 324] and *American Trust Co.* v. *de Albergaria,* 123 Cal.App. 76, 78 [10 P.2d 1016.] In 14 California Jurisprudence 281 it is said: "A sale made in violation of an injunction is not void but merely voidable and will be relieved against only upon a proper showing by one entitled to the consideration of a court of equity." In the early case of *Bagley* v. *Ward,* 37 Cal. 121 [99 Am.Dec. 256], the court, in considering the effect of an execution sale and deed made in violation of an injunction, said: "The cases all agree with those cited by the plaintiff, that a sale under such circumstances was a violation of injunction, and that *pending the injunction* Massett might have been punished therefor as for a contempt, and that during the same time both the execution and sale might, upon proper proceedings, have been set aside."

In the instant case the preliminary injunctive order was ineffective when the interlocutory decree was signed by the court in the divorce action, awarding the property to the parties in equal shares and Joseph A. Kieferle was only executing a deed on July 15, 1949, to the interest which the court had found to be his in the findings prepared by it on July 10, 1949. No appeal was taken from the interlocutory or final decrees in the divorce action and appellant was bound by the provisions therein contained.

▓ Appellant argues that the deed executed by Joseph A. Kieferle was void because made to defeat the rights of appellant. The record does not support this contention. The interlocutory and final judgments awarded appellant an undivided one-half interest in the property involved and her interest therein was not diminished by the questioned deed. The trial court found the allegation of fraud in appellant's answer to be untrue and its finding is supported by the record.

▓ Appellant next contends that the questioned deed was void because it conveyed an interest in community property and was not signed by the appellant as required by section 172a of the Civil Code, which section provides, among other things, that the wife must join with the husband in executing any instrument by which community property or any interest therein is sold, conveyed or encumbered. However, the interest conveyed by Joseph A. Kieferle was not a community property interest but was a separate interest awarded to him in the divorce action and the statute has no application to the conveyance of separate property of the grantor. ▓ Moreover, a grantee in a deed purporting to convey property in fee simple takes by operation of law all the title thereto that is subsequently acquired by his grantor and the deed purporting to convey a fee simple has, as a matter of law, the same effect as if it contained an express provision that the grantor conveyed all the estate he then possessed or that he might thereafter acquire. (15 Cal.Jur.2d, Deeds, § 213, p. 620.)

▓ It is next contended that by the terms of the interlocutory decree title to the disputed property interest herein was not intended to pass until by final decree. We find no merit in this contention. The interlocutory decree in this connection provides that the property in question ''(i)s hereby adjudged to be community property and is awarded to plaintiff and defendant in equal shares, each party to have an undivided one-half interest therein.'' This language indicates a present and immediate award and disposition of community property interests. It is said in *Waters* v. *Waters*, 75 Cal. App.2d 265, 270 [170 P.2d 494], that the final division of community property should be made in the final and not in the interlocutory decree of divorce, and that is an error which may be corrected on appeal. And in *Leupe* v. *Leupe*, 21 Cal.2d 145, 149 [130 P.2d 697], it is held that an immediate disposal of property upon an interlocutory decree of divorce is within the jurisdiction of the trial court; that even though

a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined and that if the time for appeal has elapsed, the determination of property issues in the interlocutory decree becomes final and no longer subject to modification except in accordance with the methods applicable to judgments generally.

Appellant further contends that at the sheriff's execution sale she acquired all the right, title and interest of Joseph A. Kieferle in the property involved and that his right to division of the community property, as well as any expectancy under his deed and under the mortgage was thereby cut off. However, this sale was not made until August 25, 1950, long after the deed to plaintiff on July 15, 1949. On August 25, 1950, Joseph A. Kieferle had no interest in or to the property theretofore conveyed by him to plaintiff. The sheriff's deed only purports to convey the right, title and interest of Kieferle in the property on August 25th and any interest therein which he might thereafter acquire.

Finally, appellant argues that if by the interlocutory decree one-half of the property involved passed to plaintiff as grantee under Kieferle's deed, then the remaining half of the property passed to appellant by the same provision of the decree and there then remained in Kieferle no interest upon which the county of Los Angeles could thereafter establish a lien. However, it is stated in appellant's opening brief and in the brief filed by the respondent county that the following stipulation was entered into by the parties in open court:

"MR. SAUNDERS: I believe counsel here agree—if I am wrong, correct me—that the County and State lien will attach, the question being the decree as to whether it is the half of the property or the whole.

"THE COURT: In other words, there is no dispute.

"MR. CHAPMAN: That is right.

"MR. SAUNDERS: As to the two, we won't enter a brief. We will abide by whatever the Court does with counsel's opinions here.

"MR. CHAPMAN: That is, that if the plaintiff prevails here in her half interest, that is a clear interest?

"MR. SAUNDERS: That is right; the County lien will attach to half held by the defendant, and if the defendant prevails, the County and State lien will attach to the entire, whether it be the lot or the proceeds.

"The Court: In other words, if the—what is the stipulation again? That if the plaintiff prevails—that is Mrs. Warburton—if she prevails, then the interest——?

"Mr. Chapman: Her interest will be free and clear of the County and State liens.

"The Court: And the County liens will then attach, the County and State, both liens will attach to the interest of Mrs. Kieferle, is that correct?

"Mr. Saunders: That is correct.

"The Court: If the defendant prevails, then the interest attaches to the whole?

"Mr. Saunders: Yes.

"Mr. Chapman: Yes.

"Mrs. Kellogg: I am in accord with this.

"Mr. Saunders: We will not submit any briefs, then, your Honor.

"The Court: It is just a question of the validity of the deed made on the 15th day of July."

It is evident from the record that the county presented in court its mortgage and statement of amounts due from Kieferle and that the issue, as stated by the court in the stipulation, was the validity of the deed of July 15, 1949. Since relief from the stipulation was not requested by appellant in the trial court, it cannot be granted here. ▮ The rule is stated in 3 California Jurisprudence 2d, Appeal and Error, section 140, page 604, as follows: "It is a general rule of appellate review, early established and long adhered to, that questions not raised in the trial court will not be considered on appeal." ▮ In 23 California Jurisprudence, Stipulations, section 14, page 830, it is said:

"Relief from a stipulation may not be granted when requested for the first time upon appeal. The proper course is to make timely application to the court in which the stipulation was made, by a motion requesting relief, notice of which should be given to the opposing party. A hearing should then be had on affidavits and counter-affidavits."

▮ While it is the general rule that a stipulation as to an erroneous conclusion of law is of no binding effect upon an appellate court (*Owen* v. *Herzihoff*, 2 Cal.App. 622 [84 P. 274]; *People* v. *Singh*, 121 Cal.App. 107 [8 P.2d 898]), in the instant case appellant, in effect, stipulated that the court could enter judgment in favor of the county establishing its lien on the interest of appellant. ▮ In *Steele* v. *Steele*, 132 Cal.App.2d 301, 303 [282 P.2d 171], the court in con-

sidering a stipulation entered into in open court in that action "that an undivided one-half interest in the plaintiff's separate property; that as to the remaining undivided one-half interest the court can determine the status of that," said:

"After knowingly entering into such a definite stipulation in open court that a one-half interest was the separate property of the wife, and that the trial court could determine the character of the other one-half interest, it does not stand in the mouth of either party to dispute its terms or to contend that the judge should have done something other than that provided by the stipulation."

Moreover, stipulations ordinarily constitute no part of the judgment roll (*Hauret* v. *Pedelaborde*, 77 Cal.App. 187, 191 [246 P. 134]), and where, as here, the questioned stipulation was not made a part of the judgment roll, under the rules announced in *Chenoweth* v. *Office of City Clerk*, *supra*, 131 Cal.App.2d 498, 500; *Montaldo* v. *Hires Bottling Co.*, *supra*, 59 Cal.App.2d 642, 646; and *Goldberg* v. *List*, *supra*, 11 Cal.2d 389, 394, the judgment must be and is affirmed.

Barnard, P. J., and Shell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.