**UNITED STATES of America, Plaintiff—Appellee,**

Zoyla Boyadzhyan–Asensio,
Claimant—Appellant,

and

Pogos Boyadzhyan; et al., Claimants,

v.

**REAL PROPERTY LOCATED AT 9832 RICHEON AVENUE, Downey, California, Defendant.**

United States of America,
Plaintiff—Appellee,

Pogos Boyadzhyan; et al., Claimants—
Appellants,

and

Zoyla Boyadzhyan–Asensio;
et al., Claimants,

v.

Real Property Located at 9832 Richeon Avenue, Downey, California, Defendant.

Nos. 03–57185, 04–55013.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Nov. 29, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**52**

Michele C. Marchand, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael A. Grisham, Patton Boggs, LLP, Anchorage, AK, for Claimant–Appellant.

Zoyla Boyadzhyan–Asensio, Dublin, CA, Eric Honig, Esq., Marina Del Rey, CA, Elizabeth N. Rafeedie, Attorney at Law, Malibu, CA, Amy L. Morse, Office of the General Counsel, Chatsworth, CA, for Claimants.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Claimants Zoyla Boyadzhyan–Asensio, Pogos Boyadzhyan, and Miriam Carmen Castillo appeal a summary judgment in favor of the government in a civil forfeiture action. We affirm.

■ Zoyla's[1] claims that the house was not substantially connected to drug trafficking and that she is an "innocent owner" are without merit. Her conspiracy conviction established that she used her house for the purpose of distributing cocaine. Zoyla's bare denials in her deposition testimony are not sufficient to create a genuine issue of material fact. *See United States v. Currency, U.S. $42,500.00,* 283 F.3d 977, 984 (9th Cir.2002). Similarly, Zoyla's conviction, which established that she "knowingly" committed these drug trafficking offenses, defeats her "innocent owner" defense.

■ The district court properly concluded that Pogos and Miriam could not establish an ownership interest in the property. When he executed and recorded the Interspousal Transfer Grand Deed in 1995, Pogos conveyed his entire "right, title and interest . . ., community or otherwise," to Zoyla. Miriam's grant deed likewise conveyed her entire property interest to Zoyla. Both of these unrestricted conveyances transferred to Zoyla any present and future interests in the property. *See* Cal. Civ.Code § 1106; *see also Warburton v. Kieferle,* 135 Cal.App.2d 278, 287 P.2d 1, 4 (1955). Thus, even if Pogos or Miriam would have otherwise acquired a property interest by contributing to the mortgage payments, the unrestricted language of their grant deeds would have had "the same effect as if [their deeds] contained an express provision that the grantor conveyed all the estate he then possessed or that he might thereafter acquire." *Warburton,* 287 P.2d at 4. Pogos's reliance on the 1995 transmutation agreement is misplaced because that unrecorded document is ineffective against third parties. Cal. Fam.Code § 852(b). We also conclude that the government sufficiently investigated the property's ownership, given that Zoyla and Pogos's occupancy of the house was consistent with Zoyla's possession of record title. *See Caito v. United Califor-*

---

1. We use the claimants' first names for clarity and simplicity, as the parties did in their briefs.

*nia Bank,* 20 Cal.3d 694, 144 Cal.Rptr. 751, 576 P.2d 466, 470 (1978).

■ Because this forfeiture was not grossly disproportionate to the gravity of Zoyla's offenses, the district court properly rejected the claimants' argument that forfeiture violates the Excessive Fines Clause of the Eighth Amendment. *See United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). The property's use for "continuous drug-related activity ... outweighed any intangible value it had as a family home." *United States v. Real Property Located at 25445 Via Dona Christa,* 138 F.3d 403, 409 (9th Cir.1998).

**AFFIRMED.**

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.